DAVID SMITH, WSBA #29824
Law Offices of David Smith, PLLC
201 Saint Helens Ave
Tacoma, WA 98402
253-272-4777

Honorable Brian D. Lynch
Chapter 13
Hearing Date: January 13, 2021
Hearing Time: 01:30PM
Responsive Date: January 5, 2021

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### TACOMA DIVISION

In re:

JACARAE LEA FAIRBANKS

Debtor.

No. 20-42304-BDL

Chapter 11

**RESPONSE TO MOTION FOR RETROACTIVE ANNULMENT OF THE AUTOMATIC STAY**

COMES NOW Debtor, Jacarae Fairbanks, ("Fairbanks") by and through her attorney of record, David C. Smith, of The Law Offices of David Smith, PLLC, and submits her response and requests that the motion requesting relief by Wilmington Savings Fund Society, FSB ("Wilmington") should be denied, and the foreclosure sale should be voided for the following reasons.

**I. FACTS**

On November 29, 2006 Fairbanks signed a Deed of Trust to her home to secured by a deed of trust for the property located at 18610 85th Avenue, East, Puyallup, Washington 98375.

In 2019 the Debtor fell behind on her loan and on September 26, 2019, the debtor executed a loan modification. The loan modification was for 12-months of consecutive trial payments in the

DEBTOR'S RESPONSE TO MOTION
Page - 1

**Law Offices of David Smith, PLLC**
201 St. Helens Ave., Tacoma, WA 98402
Phone (253) 272-4777
Fax (253) 461-8888

amount of $2139.05. The Debtor made five months of consecutive payments. Debtor fell behind on payments due to the COVID-19 pandemic and missed February, March and April 2020 payments.

In efforts to keep her property, Fairbanks sought out help from Helping Matters, USA. Fairbanks signed an agreement with Helping Matters, USA and believed she was providing all the documentation and payments to Home Matters. See Dec of Fairbanks.

Ms. Fairbanks did not know her home was foreclosed upon until the day after the foreclosure. Subsequently Ms. Fairbanks filed a Chapter 13 bankruptcy petition on 10/8/2020 to save her home. Later that same day, at 2:38pm, my office sent notice to all the necessary parties; the Foreclosure Trustee, Michelle Ghidotti, the purchaser, Ahmad Rabi and the attorney for Eastside Funding and the purchaser. Ms. Ghidotti responded and acknowledged receipt of this email. See Dec of Smith, Exhibit A.

Four days later, on October 12, 2020, the trustee's deed (Deed), which purported to transfer ownership of the home to Ladder Properties, LLC and Eastside Funding LLC was authenticated in Orange County, California by a notary public. See Dec of David Smith Ex. B. Thereafter the Deed was physically delivered and subsequently recorded on October 15, 2020 in Pierce County. See Dec of David Smith Ex B.

Subsequent to filing, Debtors counsel contacted Michelle Ghidotti and Ahmad Rabi and advised them that the execution and filing and recording of the Deed may be a violation of the bankruptcy stay. See Dec of David Smith, Ex E.

In addition, subsequent to filing Debtor's counsel advised Ahmad Rabi that his contact with the Debtor may be a violation of the Bankruptcy Stay. See Dec of David Smith, Ex F.

DEBTOR'S RESPONSE TO MOTION
Page - 2

**Law Offices of David Smith, PLLC**
201 St. Helens Ave., Tacoma, WA 98402
Phone (253) 272-4777
Fax (253) 461-8888

Case 20-42304-BDL    Doc 31    Filed 01/05/21    Ent. 01/05/21 23:53:15    Pg. 2 of 8

## II. LEGAL AUTHORITY

**1. The trustee's deed was delivered in violation of the automatic stay and the conveyance is therefore void.**

The Movant predicates their motion on the basis that the debtor has no continuing legal interest in the real property. However, the requirements of RCW 61.24.050 and RCW 64.04 have not been met here. The filing of a Bankruptcy case automatically invokes the provisions of 11 U.S.C. §362(a) which stays all claims relating to all property of the estate.

The real issue here is the effect of the filing of a bankruptcy between the foreclosure sale and the execution and recordation of the Trustee's Deed. The Movant asserts that once the foreclosure sale occurs, then they must file the Trustees Deed within 15 days of the foreclosure to complete the foreclosure. The Movant relies on *Udall v. T.D. Escrow Services, Inc.,* 159 Wn.2d 903,154, P.3d 882 (2007) to support the theory that the foreclosure in Washington State is completed at the landing of the hammer.

But, this issue was directly addressed recently in a Eastern District of Washington Case, *In re Lopez*, 596 B.R. 371 (Bkrtcy.E.D.Wash. 2019).

Upon the filing of the case Pursuant to 11 U.S.C. §362(a) the foreclosure trustee was restrained from completing the sale by operation of the automatic stay. Under Washington law, a trustee sale does not convey title to the purchaser until the trustee's deed is delivered and recorded.

Resolving this issue requires analyzing the interplay between two Washington statutes. RCW 64.04.010 that directs that "[e]very conveyance of real estate, or any interest therein . . . shall be by deed" and RCW 61.24.050(1) that provides:

> Upon physical delivery of the trustee's deed to the purchaser, . . . the trustee's deed shall convey all of the right, title, and interest in the real and personal property sold at the trustee's sale which the grantor had or had the power to convey at the time of

DEBTOR'S RESPONSE TO MOTION
Page - 3

**Law Offices of David Smith, PLLC**
201 St. Helens Ave., Tacoma, WA 98402
Phone (253) 272-4777
Fax (253) 461-8888

Case 20-42304-BDL    Doc 31    Filed 01/05/21    Ent. 01/05/21 23:53:15    Pg. 3 of 8

the execution of the deed of trust. . . . [I]f the trustee accepts a bid, then the trustee's sale is final as of the date and time of such acceptance if the trustee's deed is recorded within fifteen days thereafter. After a trustee's sale, no person shall have any right, by statute or otherwise, to redeem the property sold at the trustee's sale.

*Id* at 273.

This issue was also address in *In re Betchan*, 524 B.R. 830 (E.D. 2015). *Betchan* stands for the proposition that a post-petition conveyance of a trustee' deed violates the automatic stay and that absent such transfer the trustee sale is not completed.

> The transfer of an interest in Washington real property cannot occur absent a deed that complies with the requirements of RCW 64.04.020. Furthermore, in connection with a deed of trust foreclosure, RCW 61.24.050(1) explicitly provides that the physical delivery of a trustee's deed marks the moment when a conveyance of real property occurs.
> […]
> **As a result, in Washington a document that purports to transfer an interest in real property is not effective until it is acknowledged by a notary public or other authorized person. In other words, and as stated by the Supreme Court of Washington, "an instrument, in every other respectfully satisfying the requirements of a deed, except the acknowledgment of the grantor, is not yet a deed.**
> *Id* at 832.

The Debtor filed her case the October 8, 2020 and the Trustee, Ghidotti was given notice on the same day shortly after the bankruptcy filing. The trustee's deed was executed four days later. See Declaration of Smith. Accordingly, at the time of filing the case, the debtor was still the legal owner of the property and the acknowledgement, transfer, and recording of the deed post bankruptcy filing constitutes a violation of the automatic stay within the meaning of 11 USC § 362(a)(3).

Here, there was no delivery of the trustee's deed prior to the filing of the bankruptcy petition, meaning there was no pre-petition conveyance of the property. As such, Ms. Fairbanks still had an

DEBTOR'S RESPONSE TO MOTION
Page - 4

**Law Offices of David Smith, PLLC**
201 St. Helens Ave., Tacoma, WA 98402
Phone (253) 272-4777
Fax (253) 461-8888

Case 20-42304-BDL    Doc 31    Filed 01/05/21    Ent. 01/05/21 23:53:15    Pg. 4 of 8

interest in his home at the time he filed his bankruptcy petition. The Bankruptcy Code, in 11 U.S.C. § 362(a), provides the automatic stay is in effect if the debtor still has an interest in the property.[4] This interpretation of the Deeds of Trust Act is supported by this court's decision in *In re Betchan*, 524 B.R. 830 (Bankr. E.D. Wash. 2015) (debtor retained interest in her home because the deed was not properly conveyed as required by RCW 64.04.010 and RCW 61.24.050(1)), and the Washington Supreme Court's directive in *Klem v. Washington Mutual Bank*, 176 Wn.2d 771, 789 (2013), to construe the Deeds of Trust Act in favor of the borrower. See *In Re Lopez* at 373-374.

As to perfection vs conveyance, the issue of perfection versus conveyance was previously addressed in this District. In relying on *Udall v. T.D. Escrow Servs., Inc.*, 159 Wn.2d 903, 911, 154 P.3d 882 (2007), the court stated that, under the Washington Deeds of Trust Act **(1) delivery of the trustee's deed is necessary to convey rights in real property sold during a statutory nonjudicial foreclosure sale of property**; and (2) failure to record the deed within 15 days of the sale merely precludes establishing a final sale date". The Udall court explained that the purpose of recording "is to place subsequent purchasers on notice of property's transfer from one owner to another, not to convey rights in land to the purchaser." *In re Bell*, 386 B.R. 282 (W.D. Wash. 2008) (emphasis added).[1]

Accordingly, the recording of the trustee's deed with the county is a ministerial act. It finalizes the sale and provides notice to third parties of the transfer. However, recordation is not the mechanism used to convey the real property. The conveyance occurs upon the physical delivery of the deed after the deed is signed and acknowledged by notary as required under RCW 64.04. In this case, the deed

---

[1] See *Betchen* at 19 (stating that in *Bell* there was both a pre-petition sale and pre-petition delivery of a valid trustee's deed. Therefore *Bell* eliminated any need to determine timing of the transfer. As such the Court's conclusion was compatible with *Bell*)

DEBTOR'S RESPONSE TO MOTION
Page - 5

**Law Offices of David Smith, PLLC**
201 St. Helens Ave., Tacoma, WA 98402
Phone (253) 272-4777
Fax (253) 461-8888

was signed and notarized on October 12, 2020 a full five days AFTER the filing date. The conveyance is therefore a violation of the automatic stay and is void as a matter of law. See *Betchan* at 20; See also *In re Lopez*, 596 B.R. 371 (Bkrtcy.E.D.Wash. 2019); In re *Nelson*, No. 16-44597-MJH, Bankr. (W.D. Wash 2017) Slip op. at Page 5; In re *Schwartz*, 954 F.2d 569, 574 (9th Cir. 1992). (violations of the automatic stay are void).).

**2. The request for annulment of the automatic stay is not applicable under these facts.**

GHIDOTTI also seeks "annulment of the automatic stay" pursuant to *Fjeldsted v Lien* et al (in re Fjeldsted), 293 B.R. 12, 24 B.A.P. 9th Cir. 2003). *Fjelsted* sets out twelve factors to determine if cause exists to annul the automatic stay. *Fjelsted* at 25.

The factors and their application to this case are as follows:

1. Number of filings: **The debtor has not filed bankruptcy**.

2. Whether, in a repeat filing case, the circumstances indicate an intention to delay and hinder creditor: **Since this is not a repeat filing, this factor does not apply.**

3. A weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive, including whether harm exists to a bona fide purchaser: **the purchaser may be harmed by not annulling the stay, but the property, as can be seen by the schedules has significant equity, which may benefit other creditors.**

4. The Debtor's overall good faith: **there is no showing that the debtor is acting in bad faith in this filing.**

5. Whether creditors knew of stay but nonetheless took action, thus compounding the problem: **After the filing, the Ghidotti Berger firm, on behalf of the lender issued a Trustee's deed in violation of the automatic stay and the purchaser, Ahmad Rabi harassed the debtor by demanding that she move out of her property in violation of the automatic stay.**

6. Whether the debtor has complied, and is otherwise complying, with the Bankruptcy Code and Rules: **There is no evidence that the Debtor did not comply with the bankruptcy code in this case.**

DEBTOR'S RESPONSE TO MOTION
Page - 6

**Law Offices of David Smith, PLLC**
201 St. Helens Ave., Tacoma, WA 98402
Phone (253) 272-4777
Fax (253) 461-8888

7. The relative ease of restoring parties to the status quo ante: **This could have been done immediately after the foreclosure sale or in the time period after notice was given to Ghidotti and/or Ahmad Rabi. Instead, the facts show that the Debtors property was transferred and was harassed in violation of the automatic stay.**

8. The costs of annulment to debtors and creditors: **Costs for the debtor will be to implement a plan of reorganization to pay the arrearages.**

9. How quickly creditors moved for annulment, or how quickly debtors moved to set aside the sale or violative conduct: **Not applicable.**

10. Whether, after learning of the bankruptcy, creditors proceeded to take steps in continued violation of the stay, or whether they moved expeditiously to gain relief: **After the filing, the Ghidotti Berger firm, on behalf of the lender issued a Trustee's deed in violation of the automatic stay and the purchaser, Ahmad Rabi harassed the debtor by demanding that she move out of her property in violation of the automatic stay.**

11. Whether annulment of the stay will cause irreparable injury to the debtor: **The debtor will lose substantial equity in the property and her and her family will lose her home.**

12. Whether stay relief will promote judicial economy or other efficiencies: **In this case, yes, because if denied and the court rules that the property was not transferred to the buyer, then the case can move forward efficiently in the bankruptcy Court without further litigation.**

Considering these factors and the facts of this case, denying the relief for annulment weighs in the favor of the debtor.

As to the request for an order terminating the automatic for cause pursuant to 11 U.S.C. 362(d)(1), that request should be denied. There no cause shown that the Debtor behaved in any improper way here. This is not a Debtor that has been in bankruptcy court frequently, has a property with no equity, or has abused the system. This Debtor is a single mom who lost her property because of factors she could not control, including losing her job to Covid-19, triggering foreclosure and then was subsequently advised poorly regarding how to deal with her foreclosure. She should not be penalized for this and deserves a fresh start.

### III. CONCLUSION

DEBTOR'S RESPONSE TO MOTION
Page - 7

**Law Offices of David Smith, PLLC**
201 St. Helens Ave., Tacoma, WA 98402
Phone (253) 272-4777
Fax (253) 461-8888

Case 20-42304-BDL    Doc 31    Filed 01/05/21    Ent. 01/05/21 23:53:15    Pg. 7 of 8

Accordingly, a transfer of interest in real property in Washington State cannot occur absent a deed that complies with the requirements of RCW 64.04.020. RCW 61.24.050(1) explicitly provides that the delivery of the trustee's deed marks the moment when conveyance of real property occurs. Therefore, there was no valid transfer of the debtor's property. The Movant has not met her burden regarding the *Fjeldsted* Factors or that the debtor's automatic stay should be terminated. The motion requesting relief by the movant, Wilmington should be denied in its entirety.

DATED this January 5, 2021,

                                     Law Offices of David Smith, PLLC

                                     By: */s/ David C. Smith*
                                     David C. Smith, WSBA #29824
                                     Attorney for Debtor

DEBTOR'S RESPONSE TO MOTION
Page - 8

**Law Offices of David Smith, PLLC**
201 St. Helens Ave., Tacoma, WA 98402
Phone (253) 272-4777
Fax (253) 461-8888

Case 20-42304-BDL    Doc 31    Filed 01/05/21    Ent. 01/05/21 23:53:15    Pg. 8 of 8