The Honorable Brian D Lynch
Chapter 13
Hearing Location: telephonic
Hearing Date: Jan. 13, 2021
Hearing Time: 1:30

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON - TACOMA DIVISION

In Re:                                        ) Case No.: 20-42304-BDL
                                              )
Jacarae Lea Fairbanks,                        ) CHAPTER 13
                                              )
        Debtor.                               ) **REPLY TO DEBTOR'S RESPONSE TO**
                                              ) **MOTION FOR RETROACTIVE**
                                              ) **ANNULMENT OF THE AUTOMATIC**
                                              ) **STAY**

I.      **INTRODUCTION – SUMMARY OF ARGUMENT.**

        The Debtor's response mistakes both the facts and the law.  As Debtor's counsel acknowledged at the last hearing, there is no legal authority or basis to void the October 2, 2020 trustee's sale to the bona fide third party purchaser, Ladder Properties LLC and Eastside Funding LLC for Security Purposes Only ("BFP") for $353,100.   That is why Debtor agreed to amend her Plan to reflect the Property is no longer an asset of the estate, elected to not file a response to the motion, and agreed to an order for entry of annulment of the stay retroactively until the Court ordered Debtor to file a response.  The argument made by Debtor in her late response is directly contrary to Washington State law and the legislative history.   RCW 61.24.050 provides:

> **If the trustee accepts a bid, then the trustee's sale is final as of the**
> **date and time of such acceptance if the trustee's deed is recorded within**
> **fifteen days thereafter.** After a trustee's sale, no person shall have any right,
> by statute or otherwise, to redeem the property sold at the trustee's sale.

Reply to Debtor's Response for Retroactive
Annulment of Stay
– Page 1

Ghidotti | Berger LL
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

1     "The legislature added the [15-day rule] provision in 1998 to deal with the
2     circumstance where a borrower or grantor **filed a bankruptcy action between the date of the**
3     **trustee's sale and the recording of the trustee's deed**. *Before* this amendment, a debtor
4     could avoid the trustee's sale by filing a bankruptcy proceeding before the trustee's deed was
5     recorded. **The 15–day window provides a grace period for recording the trustee's deed,**
6     **protecting the purchaser from any intervening claims of third parties."** *Laffranci v. Lim*
7     146 Wn.App. 376, 385-386 (2008). Hence, **there was no violation of the stay**.

8          Debtor has failed to cite a single case where a third party purchased property at a
9     trustee's sale held prior to the filing of a bankruptcy was void simply by the filing of a
10    bankruptcy. That is because such a ruling would undermine the entire Washington Deeds of
11    Trust Act ("DTA"). The DTA has "three basic objectives. First, the nonjudicial foreclosure
12    process should remain efficient and inexpensive. Second, the process should provide an
13    adequate opportunity for interested parties to prevent wrongful foreclosure. Third, the process
14    should promote the stability of land titles." *Cox v. Helenius*, 103 Wn.2d 383, 387 (1985) The
15    central philosophical underpinning of the DTA has always been that an efficient (i.e. speedy,
16    inexpensive, not subject to judicial interference and delay) foreclosure process following
17    default will benefit the residents of the State of Washington as a whole by reducing lending
18    costs and promoting the availability of credit. Voiding a trustee's sale because of a post-
19    bankruptcy filing would completely disrupt the stability of land titles. Furthermore, it would
20    create a chilling effect because who would want to purchase a property at a foreclosure sale if
      the sale could be voided by the debtor filling bankruptcy post-sale.

21         The Washington Supreme Court has considered the impact of a foreclosure sale and
22    the recording of the Deed in *Udall v. T.D. Escrow Svcs., Inc.,* 159 Wn.2d. 903, 908 (2007).
23    **The Court held that the foreclosure trustee's acceptance of the fall of the gavel <u>bound</u> the**
24    **foreclosure trustee to the delivery subject only to <u>procedural irregularities in the sale.</u>**
25    **Not bankruptcies filed *after* the trustee's sale.** Since there were no procedural irregularities
26    in this sale, the trustee was "bound" to deliver the trustee's deed to BFP.

27         Debtor admitted there were no procedural irregularities in the sale that is why she did
28    not respond to the motion until the court instructed Debtor's counsel to file a response at the

Reply to Debtor's Response for Retroactive                    Ghidotti | Berger LL
Annulment of Stay                                             1920 Old Tustin Ave.
– Page 2                                                      Santa Ana, CA 92705
                                                              Tele: 949-427-2010

Case 20-42304-BDL    Doc 32    Filed 01/11/21    Ent. 01/11/21 11:05:55    Pg. 2 of 60

hearing.  Debtor still has not found any procedural irregularities in the sale.  Debtor's counsel acknowledged he filed the bankruptcy for Debtor hoping he could find some procedural irregularities but he could not. That is why Debtor sent an email to Chapter 13 Trustee and Movant's counsel stating: "As to the plan objection, the Debtor will amend the plan to reflect that the property is no longer an asset of the estate."  (Tragarz Sup. Decl.  ¶6, Exhibit "7")

The *Lopez* and *Betchan* cases (both decided by Judge Frederick Corbit in the E.D. Wash.), which Debtor relies on, do not apply to this case because the *creditor* purchased the property at the foreclosure sale in both cases, not a third party bona fide purchaser as in this case. In addition, that Bankruptcy Judge apparently was not advised by the parties of the Washington State legislative history and case law that states, "The legislature added the [15-day rule] provision in 1998 to deal with the circumstance where a borrower or grantor filed a bankruptcy action between the date of the trustee's sale and the recording of the trustee's deed. Before this amendment, a debtor could avoid the trustee's sale by filing a bankruptcy proceeding before the trustee's deed was recorded. The 15–day window provides a grace period for recording the trustee's deed, protecting the purchaser from any intervening claims of third parties." *Laffranci, supra* at 385-386.  As noted below, it is Movant's position that there was no violation of the stay.

**The facts in the present case are identical to the facts in the *Nelson* case decided by Judge Heston in this Western District of Washington.  Judge Heston held: "under Washington law, the Debtor's and the estate's rights in the Property following the sale, absent a challenge based on applicable procedural or other irregularities in the conduct of the sale itself, are at most in the nature of bare legal title together with a possessory interest, rather than full and unfettered ownership interests and rights in such Property. 11 U.S.C. § 541(a)(1)." *In re Nelson,* Case #16-44597, 2017 WL 745595, *1, 3 (W.D. Wash 2017)  She further held that even if the delivery of the deed post-bankruptcy did violate the stay, it did _not_ void the entire foreclosure sale**. *Id.* at 4. The trustee could redo whatever procedural steps are necessary to finalize the sale under the Washington DTA, i.e. re-execute the Trustee's Deed of Sale and deliver it.  Note the *Schwart v. U.S. (In re Schwarz)* 954 F.2d 569, 574 (9th Cir. 1992) case cited by Debtor and which Judge Heston relied on regarding the

Reply to Debtor's Response for Retroactive
Annulment of Stay
– Page 3

Ghidotti | Berger LL
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

Case 20-42304-BDL    Doc 32    Filed 01/11/21    Ent. 01/11/21 11:05:55    Pg. 3 of 60

automatic stay predates the 1998 amendment and was decided before the 15 day rule was enacted for this very reason to allow the execution, delivery and recording to relate back to the day of the sale if all completed within 15 days of the sale. Hence, no violation of the stay.

Just as in the *Nelson* case, the Property here was sold to a bona fide third party purchaser that paid more than the credit bid. The BFP is incurring significant financing charges to a third party lender, Eastside Funding LLC that financed the purchase price. Furthermore, the Debtor failed take any allowed statutory action under the Washington DTA to cure the default or to stay the foreclosure sale prior to the Trustee's acceptance of the BFP's bid. Debtor has also failed to provide any evidence of procedural or other irregularities in relation to such foreclosure or otherwise challenge the sale through the filing of any action to void such sale. Debtor has also failed to provide evidence of any adequate protection. Hence, Movant's motion should be granted in its entirety as it was filed as an abundance of caution based on Debtor's Plan to unwind the sale and claims the Trustee "may" have violated the stay, not movant.

## II. ARGUMENT AND AUTHORITY

### A. WASHINGTON STATE'S LAW PROVIDES THIRD PARTY TRUSTEE SALE PURCHASERS EXTRAORDINARY PROTECTIONS FROM POST-SALE CHALLENGES.

"Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 U.S. 48, 55 (1979). "Washington State….affords purchasers broader protections than many other states by providing a conclusive presumption of compliance in favor of bona fide purchasers in all aspects of foreclosure." *Albice v. Premier Mortgage Servs. of Wash., Inc.*, 157 Wn.App.912, 925, n. 9. The sale of the Property to BFP was unquestionably valid as a matter of state law.

### B. THE DEBTOR LACKS ABILITY TO NOW CHALLENGE THE SALE.

The Washington Supreme Court enforces that "waiver of any post-sale contest occurs where a party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to

Reply to Debtor's Response for Retroactive
Annulment of Stay
– Page 4

Ghidotti | Berger LL
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

Case 20-42304-BDL    Doc 32    Filed 01/11/21    Ent. 01/11/21 11:05:55    Pg. 4 of 60

obtain a court order enjoining the sale." *Plein v. Lackey*, 149 Wn.2d 214, 227 (2003).

Debtor was fully aware the Property was in foreclosure. She admits she received the Notice of Trustee's Sale in May of 2020. (Fairbanks Decl. ¶8; Exhibit "C").   She signed the Certified mail green card on May 4, 2020. Debtor retained a HUD Certified Housing Counselor, who on **May 18, 2020 made a formal Referral to Foreclosure Mediation and** the Debtor was included on the emails.  The Debtor also received the Notice to Borrower of Postponement of Trustee's Sale to October 2, 2020 and signed the green, which was mailed to her by both regular and certified U.S. mail on **August 28**, 2020. (Tragarz Supp. Decl. ¶¶7-9; Exhibits  "9"-"11")

Debtor has no defense to the sale. Debtor admits she breached the Trial Payment Plan by failing to make the February 1, March 1, and April 1 payments. Clearly, the February 1 and March 1 missed payments were not due to COVID-19 as Debtor misleads the court. Debtor's claim that she was relying on "Helping Matters, USA" that her house would not be foreclosed on is a complete misrepresentation to this Court. These alleged statements by "Helping Matters, USA" are inadmissible hearsay.   Furthermore, by at least **June 22, 2020, which was over two months before she received notice of the October 2, 2020 foreclosure date, Debtor knew "Helping Matters USA" was a "scam" and she should not listen to them or do what they say.** On June 22, 2020, Natalie Lockhart, Debtor's HUD Certified Housing Counselor sent an email to all parties, including Debtor after Debtor had failed to file her paperwork with the mediator that stated: "I am requesting that the mediation remain open.  … Borrower was given false information from a scammer that her loan has already been restructured. … **We had a very lengthy conversation about this being a scam."** (Tragarz Decl. ¶10, Exhibit "12" 6/22/20 email)

In response, the Mediator gave Debtor an extension of time to July 7, 2020 to produce her documentation, which she failed to do by July 7, 2020 or thereafter.  Since the Debtor had failed to respond to the follow-up emails and produce the documents on July 24, 2020, the Mediator made a finding Debtor did not participate in good faith by failing to provide documents or participate in the mediation. The Debtor was on this email and she responded on July 24, 2020 stating, "I'll be listing my home for Sale."  She had two and one-half

Reply to Debtor's Response for Retroactive
Annulment of Stay
– Page 5

Ghidotti | Berger LL
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

Case 20-42304-BDL    Doc 32    Filed 01/11/21    Ent. 01/11/21 11:05:55    Pg. 5 of 60

months before the foreclosure took place and she did nothing. (Tragarz Supp. Decl. ¶11, Exhibit "10" July 24, 2020 email; Tragarz Decl. ¶9, Exhibit "3" Foreclosure Mediation Report/Certification). Furthermore, there has never been any allegation that this alleged "Home Matters USA" had any connection to the Movant creditor or the BFP. Nor does Debtor testify that she made any payments to the alleged scammer.

Lastly, Debtor failed to file a pre-foreclosure lawsuit five days before the sale to stop the sell pursuant to the DTA. Nor has Debtor filed a post-sale lawsuit or adversary case seeking to set aside the sale as she stated in her Plan filed on October 23, 2020. That is because there was no wrongful foreclosure. This entire bankruptcy filing was nothing but a delay tactic to stay in the house longer without paying anything.

### C. UNDER THE WASHINGTON SUPREME COURT *UDALL* OPINION, BFP HAS TITLE TO THE PROPERTY NOW, NOT DEBTOR.

Under the DTA, RCW Ch. 61.24, the Property transferred to the BFP when the Trustee declared the Property sold at the trustee's sale. Washington State's law holds the foreclosure trustee's acceptance of the bid on the courthouse steps binds the foreclosure trustee to the delivery of the deed subject only to procedural irregularities in the sale or breaches of fiduciary duty by the foreclosure trustee. *Udall*, *supra* 159 Wn.2d at 890. Debtor misleads this court in her response;[1] *Udall* **rejected a lower court holding that purchaser rights in the sold property are delayed until the physical delivery of the deed**. *Id.* The Supreme Court held: "The trustee's delivery of the deed to the purchaser is a *ministerial* act, symbolizing conveyance of property rights to the purchaser. The trustee *cannot withhold* delivery unless the sale itself was void due to a procedural irregularity that defeated the trustee's authority to sell the property. Examples of procedural irregularities that void a nonjudicial foreclosure sale include the borrower's *presale* bankruptcy filing." *Id.* at 911.

The first clause of RCW 61.24.050, "[w]hen delivered to the purchaser, the

---

[1] Page 5 cites *In re Bell*, 386 B.R. 282 (W.D. Wash. 2008) and *Udall* for the proposition that "delivery of the trustee's deed is necessary to convey rights in real property sold during a statutory nonjudicial foreclosures sale of property." That was what the *Udall* appellate court found, which the *Udall* Supreme Court rejected and overturned the appellate court's decision. *Bell* actually held that Bell no longer had an interest in the property when Bell filed for bankruptcy and the property did not pass to the bankruptcy estate. The court held the purchaser did not need to take advantage of any relation back rule because delivery was prior to Bell's filing of bankruptcy. Hence, recognizing the relation back doctrine.

Reply to Debtor's Response for Retroactive Annulment of Stay – Page 6

Ghidotti | Berger LL
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

Case 20-42304-BDL    Doc 32    Filed 01/11/21    Ent. 01/11/21 11:05:55    Pg. 6 of 60

trustee's deed shall convey," read in conjunction with RCW 61.24.040(4) and (7), describes the **ministerial act** of delivering the trustee's deed to the purchaser. The second sentence of RCW 61.24.050 acknowledges that the trustee retains the right to refuse bids until the close of the sale, but the trustee's power of acceptance is exercised by the auctioneer when the auctioneer announces "sold," unless the trustee has expressly reserved otherwise. **The plain meaning of RCW 61.24.050 thus mandates that a trustee deliver the trustee's deed to the purchaser following a nonjudicial foreclosure sale, absent procedural** irregularity that voids the sale. *Id.* at 912.

Within eleven days after the sale, the Trustee may declare that one of the three statutorily enumerated defects took place[2], and declare the sale void. **Otherwise, the trustee is bound to deliver the deed**. None of the three statutory exceptions applied to the present case so the trustee was bound to deliver the deed to the BFP.

## D. THERE WAS NO VIOLATION OF THE AUTOMATIC STAY.

"The legislature added the [15-day rule] provision in 1998 to deal with the circumstance where a **borrower or grantor filed a bankruptcy action between the date of the trustee's sale and the recording of the trustee's deed.** *Before* this amendment, a debtor could avoid the trustee's sale by filing a bankruptcy proceeding before the trustee's deed was recorded. **The 15–day window provides a grace period for recording the trustee's deed, protecting the purchaser from any intervening claims of third parties."** *Laffranci, supra.* 146 Wash.App. at 385-386. "This type of perfection period is common in the law. For example, section 547(e)(2) of the Bankruptcy Code contains a similar provision that allows creditors up to thirty days for perfection of certain transfers. As long as the creditor acts within the thirty-day period, the perfection step is deemed to occur on the date and time of the original transaction. See, e.g., *Fidelity Financial Services, Inc. v. Fink*, 522 U.S. 211

---

[2] (2)(a) Up to the eleventh day following the trustee's sale, the trustee, beneficiary, or authorized agent for the beneficiary may declare the trustee's sale and trustee's deed void for the following reasons:
(i) The trustee, beneficiary, or authorized agent for the beneficiary assert that there was an error with the trustee foreclosure sale process including, but not limited to, an erroneous opening bid amount made by or on behalf of the foreclosing beneficiary at the trustee's sale;
(ii) The borrower and beneficiary, or authorized agent for the beneficiary, had agreed prior to the trustee's sale to a loan modification agreement, forbearance plan, shared appreciation mortgage, or other loss mitigation agreement to postpone or discontinue the trustee's sale; or
(iii) The beneficiary or authorized agent for the beneficiary had accepted funds that fully reinstated or satisfied the loan even if the beneficiary or authorized agent for the beneficiary had no legal duty to do so.
RCW § 61.24.050.
None of these three exceptions occurred.

Ghidotti | Berger LL
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

(1998); *Long v. Joe Romania Chevrolet, Inc. (In re Loken)*, 175 B.R. 56 (9th Cir. BAP (Or.) 1994). Commercial law and bankruptcy law have ordinary provisions that provide a reasonable but short period for creditors to perfect security interests and transfers of property. *In re Svacina*, 618 B.R. 852, 855-858 (Bankr. C.D. Cal. 2020).

In *In re Bebensee-Wong v. Fannie Mae (In re Bebensee-Wong)*, 248 B.R. 820 (9th Cir. BAP 2000), a creditor conducted a foreclosure sale before a debtor filed a bankruptcy case. Twelve days later, the borrower filed a bankruptcy case and two days later, the trustee's deed upon sale was recorded. Therefore, the foreclosure deed was recorded post-petition but within 15 days of the auction. The debtor argued that the creditor violated the automatic stay by recording the foreclosure deed post-petition. The BAP noted that sections 362(b)(3) and 546(b) of the Bankruptcy Code specifically permit post-petition perfection of interests in property when "generally applicable law . . . permits perfection to relate back and to be effective against one who acquires rights in the property before the date of perfection." *Id.* at 822 (quoting *In re Stork*, 212 B.R. 970, 971 (Bankr. N.D. Cal 1997)). As a result, "the recordation of a foreclosure sale deed within fifteen days of the sale does not violate the automatic stay and is not avoidable pursuant to 11 U.S.C. §§ 544 or 549." *Id.*

Other cases hold likewise. In *Lucore v. U.S. Bank, NA (In re Lucore)*, 2013 WL 2367800 (9th Cir. BAP 2013), a creditor conducted a foreclosure sale and purchased the property with its credit bid. A week later, the borrowers filed a chapter 13 bankruptcy case. **Post-petition, the trustee prepared and executed** the Trustee's Deed and creditor recorded the Deed but within 15 days of the auction. When the creditor sought relief from stay, the debtors opposed and protested the recording of the deed post-petition. The bankruptcy court ruled against the debtors and granted the motion for relief from stay. The BAP affirmed and stated that under § 362(b)(3), a trustee's deed executed and recorded post-petition is still valid if recorded within fifteen days of the sale due to the relation-back effect." *Id.* at *3 & *4. See also *Hamilton v. Hernandez (In re Hamilton)*, 2005 WL 6960211 (9th Cir. BAP 2005); *In re Garner*, 208 B.R. 698 (Bankr. N.D. Cal. 1997). *In re Svacina*, 618 B.R. 852, 855-858 (Bankr. C.D. Cal. 2020).

Reply to Debtor's Response for Retroactive
Annulment of Stay
– Page 8

Ghidotti | Berger LL
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

Case 20-42304-BDL   Doc 32   Filed 01/11/21   Ent. 01/11/21 11:05:55   Pg. 8 of 60

Based on the *Laffranci,* there was no violation of the stay because that is why the 15-day grace period was enacted. Debtor even acknowledges this in her response where she repeatedly states, I advised the trustee that execution, and filing of the deed *"may"* be a violation of the stay.

**E. PURSUANT TO 11 U.S.C. § 362(D)(1) CAUSE EXISTS FOR ANNULMENT OF THE AUTOMATIC STAY.**

It is Movant's position there was no stay based on the *Laffranchi* case. However, if the Court believes there was a stay, Movant is entitled to relief from stay "for cause", including a lack of adequate protection. 11 U.S.C. § 362(d)(1).

"[U]nder Washington law, the Debtor's and the estate's rights in the Property following the sale, absent a challenge based on applicable procedural or other irregularities in the conduct of the sale itself, are at most in the nature of bare legal title together with a possessory interest, rather than full and unfettered ownership interests and rights in such Property. 11 U.S.C. § 541(a)(1)." *In re Nelson*, *supra at 4*. "When a purchaser receives equitable title at a [foreclosure] sale, but legal title remains in a debtor, and the debtor thereafter files for bankruptcy, cause exists to lift the stay to allow the equitable owner to gain legal title." *In re Golden*, 190 B.R. 52, 58 (Bankr. W.D. Pa. 1995); *Matter of Spencer*, 115 B.R. 471, 485 (D. Del. 1990); *In re Lally*, 38 B.R. 622, 626 (Bankr. N.D. Iowa 1984); *In re Shirley*, 30 B.R. 195, 196 (Bankr. D. Md. 1983); *Davison v. Englis Iin re Engles)* 193 B.R. (Bankr. S.D. Cal 1996).

Debtor had no equity in the Property at the time of filing the petition because she no longer held title to the Property at the time of filing of the petition due to the relation back doctrine. BFP had purchased the Property prior to the bankruptcy filing so any alleged equity was lost at that time. See *In re Hamilton*, 2005 WL 690211, 1, 4 (9th Cir. BAP 2005). In any event, there was no equity in the Property. The BPO values the Property at $380,000, with a quick sale price of $370,000. (Tragarz Sup. Decl. ¶13, Exhibit 13) If you subtract 10% costs of sale that brings it down to $342,000. In addition, there is outstanding taxes owed on the Property. BFP paid $353,100 and there is over $7,000 in surplus funds from the sale. So the Debtor is actually coming out ahead because she can walk away with over

Reply to Debtor's Response for Retroactive
Annulment of Stay
– Page 9

Ghidotti | Berger LL
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

Case 20-42304-BDL    Doc 32    Filed 01/11/21    Ent. 01/11/21 11:05:55    Pg. 9 of 60

1  $7,000 in surplus funds that can be used to pay the only other item in the proposed plan for

2  her vehicle that she lists is owed $7,420.

3      In *Nelson*, the Court found "cause" exists to grant relief from stay based on the

4  following facts. First, Movant is a bona fide purchaser that paid the $205,000 bid price to the

5  foreclosure trustee and is 'incurring significant financing charges' to a third party lender that

6  financed such purchase price….. The Debtor has not provided evidence of any adequate

7  protection …. Second, the Debtor not only failed to take any allowed statutory action under

8  the Washington DTA to cure the default or to stay the foreclosure sale prior to the Trustee's

9  acceptance of Movant's bid, but has also failed to provide any evidence of procedural or

10  other irregularities in relation to such foreclosure sale or otherwise challenge the sale through

11  the filing of any action to void such sale. Based on the Court's determination that invalidity

12  of the **physical delivery of the deed, if in fact done in violation of the stay, would not**

   **void the entire foreclosure sale,** it is appropriate to grant relief from stay for cause."

13     Like in *Nelson,* this Debtor took no statutorily allowed action to cure the default or

14  stay the foreclosure sale prior to the acceptance of the BFP's bid. Under Washington State's

15  law, the Debtor waived all avenues for questioning the validity of the sale because she did

16  not timely move to enjoin the sale. RCW§ 61.24.1276. The Debtor cannot file a quiet title

17  action, *lis pendens*, or seek any equitable relief, whatsoever. *Id*. Therefore, there can be no

18  challenge to the procedures leading up to the sale that would result in overturning the sale;

19  the delay afforded by the bankruptcy stay does nothing to unwind the sale. It only drives up

20  BFP's costs, as it has to pay interest on the loan each month this bankruptcy is delayed.

21     Moreover, the Debtor seeks here a remedy that is simply not available to her under

22  Washington State's law overturning an unchallenged trustee's sale as against a bona fide

23  purchaser after the sale took place. Therefore, the Property is no part of the Debtor's

24  reorganization. This bankruptcy was just a delay that has gotten her so far an extra three

25  months in the house. Hence, relief should be granted and the stay should be annulled.

26           **F.  RETROACTIVE ANNULMENT IS APPROPRIATE.**

27     If the Court finds there was a stay, Movant requests retroactive annulment so the

28  Trustee does not have to re-execute, deliver and record the Trustee's Deed. Section 362(d)

Reply to Debtor's Response for Retroactive
Annulment of Stay
– Page 10

Ghidotti | Berger LL
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

Case 20-42304-BDL   Doc 32   Filed 01/11/21   Ent. 01/11/21 11:05:55   Pg. 10 of 60

"gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant **retroactive** relief from the stay." *Schwartz v. United States (In re Schwartz)* 954 F.2d 569, 572 (9th Cir. 1992). In deciding whether "cause" exists to retroactively annul the stay under § 362(d)(1), the bankruptcy court is required to examine the circumstances of the particular case. In *Fjeldsted v. Lien et al.* (*In re Fjeldsted*), 293 B.R. 12, 24 (B.A.P. 9th Cir. 2003), the court identified twelve additional factors that can be relevant in deciding whether retroactive annulment of the stay is justified:

1.  Number of filings. **One.**

2.  Whether, in a repeat filing case, the circumstances indicate an intention to delay and hinder creditors. **The entire purpose of the filing was to delay the eviction and allow time for the bankruptcy attorney to go on a fishing expedition for a procedural defect, which he admits he did not find.**

3.  A weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive, including whether harm exists to a bona fide purchaser. **Extreme harm exists to bona fide purchaser as BFP is incurring approximately $5,000 in carrying costs on the loan each month. There is no legal authority to set the sale aside. The Property had no equity.**

4.  The debtor's overall good faith (totally of circumstances test). **The Debtor has lied to the Court claiming she did not know about the October 2, 2020 foreclosure sale date and that she was relying on Home Matters USA. She had a HUD Certified Housing Counsel tell her in June Home Matters USA was a scam and not to listen to anything they said. She received an email from the Mediator and the Certificate of Completing finding she participated in <u>bad faith</u>.**

5.  Whether creditors knew of stay but nonetheless took action, thus compounding the problem. **Movant did not know anything about the bankruptcy. As far as the Trustee, the law she was aware of at the time based on WA, CA & 9th Circuit BAP is that post-foreclosure bankruptcies do not invoke the automatic stay as long as the Trustee's Deed is recorded within fifteen days of the sale it relates back to the sale.**

6.  Whether the debtor has complied, and is otherwise complying with the Code and Rules. **The debtor has not presented a viable Chapter 13 Plan, which the Chapter 13 Trustee has objected.**

7.  The relative ease of restoring the parties to the status quo ante. **The Washington legislature enacted the 15 day rule to confirm there was no procedural irregularities and allow the Trustee time to prepare, execute, deliver, and record the Trustee's Deed of Trust so it would relate back to the day of the Trustee's Sale. Any other result would defeat the entire purpose of the 1998 amendment.**

8.  The costs of annulment to debtors and creditors; **There is no costs of annulment, as**

Reply to Debtor's Response for Retroactive
Annulment of Stay
– Page 11

Ghidotti | Berger LL
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

Case 20-42304-BDL    Doc 32    Filed 01/11/21    Ent. 01/11/21 11:05:55    Pg. 11 of 60

it puts the parties in the position the legislature intended when in made the 1998 amendment for the 15 day rule.

9.   How quickly creditors moved for annulment, or how quickly debtors moved to set aside the sale or volatile conduct.  **It has been over three months into this bankruptcy and the debtor has still not moved to set aside the sale.  In fact, the Debtor has admitted on the record she could not find any procedural irregularities or reasons to set aside the sale that is why she did not file a response in December and advised all parties "the Debtor will amend the plan to reflect that the property is no longer an asset of the estate."  The Trustee promptly provided all notices and proof of mailing and posting to Debtor's counsel and repeatedly asked Debtor's attorney to respond, which he failed to do.  Thus forcing the filing of this comfort motion and objection to the plan.**

10.  Whether, after learning of the bankruptcy, creditors proceeded to take steps in continued violation of the stay, or whether they moved expeditiously to gain relief.  **The Debtor never informed Movant of the bankruptcy.  The Ghidotti Berger firm did not issue the Trustee's Deed. Based on Washington, California and Ninth Circuit law it was not a violation of the stay.**

11.  Whether annulment of the stay will cause irreparable injury to the debtor.  **Annulment of the stay will not cause any injury to the debtor.  There is no equity in the house.  There is over $7,000 in surplus funds that could be used to pay other creditors.  Furthermore, Debtor has admitted there is no legal basis to set aside the sale.**

12.  Whether stay relief will promote judicial economy or other efficiencies.  **Annulment of the stay will promote judicial economy, otherwise the Trustee will have to execute a new Trustee's Deed, which will have to be delivered and incur additional recording fees.**

## III.    CONCLUSION.

For the foregoing reasons, Movant respectfully requests the Court follow Washington State Law and recognize the recording of the Trustee's Deed within 15 days of the foreclosure sale relates back to the day of sale; that the Property is not property of the estate as of the date of filing of the petition; and that there was no violation of the automatic stay.    In the alternative, Movant requests retroactive annulment of the automatic stay to the date of the filing of the petition. In the alternative, Movant requests relief from stay to allow the re-execution, delivery and recording of the Trustee's Deed.

Dated: January 11, 2021                    Respectfully Submitted,

GHIDOTTI | BERGER LLP
/s/ Nancy R. Tragarz
Nancy R. Tragarz, Esq. WSBA #56153

Reply to Debtor's Response for Retroactive
Annulment of Stay
– Page 12

Ghidotti | Berger LL
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

Case 20-42304-BDL    Doc 32    Filed 01/11/21    Ent. 01/11/21 11:05:55    Pg. 12 of 60

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON - TACOMA DIVISION

In Re:                                ) Case No.: 20-42304-BDL
                                      )
Jacarae Lea Fairbanks,                ) CHAPTER 13
                                      )
        Debtor.                       )
                                      ) **SUPPLEMENTAL DECLARATION OF**
                                      ) **NANCY R. TRAGARZ IN SUPPORT OF**
                                      ) **MOTION FOR RETROACTIVE**
                                      ) **ANNULMENT OF THE AUTOMATIC**
                                      ) **STAY AND VALIDATION OF**
                                      ) **EXECUTION, DELIVERY AND**
                                      ) **RECORDING OF TRUSTEE'S DEED**

Supplemental Declaration of Nancy R. Tragarz in Reply to
Response to Motion for Retroactive Annulment of the Stay
- Page 1

Ghidotti | Berger LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

Case 20-42304-BDL    Doc 32    Filed 01/11/21    Ent. 01/11/21 11:05:55    Pg. 13 of 60

I, Nancy R. Tragarz, declare as follows:

1. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. I am employed as an attorney for the law firm of Ghidotti | Berger who represents Wilmington Savings Fund Society, FSB, As Owner Trustee of the Residential Credit Opportunities Trust V-C, which was the last beneficiary of the Deed of Trust that was secured by the Property that is the subject of this motion and the attorney for the foreclosing trustee Michelle Ghidotti.

3. I am one of the custodians of the Ghidotti |Berger's books, records, and writings ("Records") as they pertain to this case. I have personally worked with, and on, Defendants' legal file in this matter and have personal knowledge that the Records were, and are, kept in the usual and ordinary course of business. I have gathered the records and exhibits noted below from my computer, Ghidotti | Berger's files, and public documents. Based on the foregoing facts, my personal knowledge, and my review of the Documents, I know that those documents are true and correct copies of the court records.

4. A foreclosure sale was conducted on October 2, 2020 and the Property was sold to a bona fide third party purchaser, Ladder Properties LLC and Eastside Funding LLC for Security Purposes Only ("BFP") for $353,100.00. There are surplus funds from the sale in excess of $7,000, which the Debtor has failed to list on her schedules.

5. I have been advised by the Managing Member of Ladder Properties, Ahmad Rabi, that he is paying approximately $5,000 a month on interest on the loan obtained to purchase the Property at the foreclosure sale.

6. On December 15, 2020, after Debtor's counsel, David Smith had conducted his investigation to see if he could find any irregularities in the foreclosure sale, sent an email to Jordan at the Chapter 13 Trustee's office, and myself stating, "As to the plan objection, the Debtor will amend the plan to reflect that the property is no longer an asset of the estate." He also noted he had not responded to the Motion for Relief and would review a proposed order. A

Supplemental Declaration of Nancy R. Tragarz in Reply to
Response to Motion for Retroactive Annulment of the Stay
- Page 2

Ghidotti | Berger LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

Case 20-42304-BDL    Doc 32    Filed 01/11/21    Ent. 01/11/21 11:05:55    Pg. 14 of 60

true and correct copy of the email is attached hereto, marked as Exhibit "7" and incorporated herein by reference.

7.    The Notice of Trustee's Sale was recorded on April 30, 2020 and Debtor signed the Certified Mail delivery card (green card) on May 4, 2020.  A true and correct copy of the signed green card is attached hereto, marked as Exhibit "8" and incorporated herein by reference.

8.    Debtor retained a HUD Certified Housing Counselor, who on May 18, 2020 made a formal Referral to Foreclosure Mediation and the Debtor was included on the emails. True and correct copies of the Referral to Mediation form and the email chain are attached hereto, marked as Exhibits "9" and "10" respectfully and incorporated herein by reference.

9.    The Debtor also received the Notice to Borrower of Postponement of Trustee's Sale to October 2, 2020 and signed the green card, which was mailed to her by both regular and certified U.S. mail on August 28, 2020.   A true and correct copy of the Declaration of Mailing Notice of Postponement, with the Notice and signed green card is attached hereto, marked as Exhibit "11" and incorporated herein by reference.

10.    On June 22, 2020, Natalie Lockhart, Debtor's HUD Certified Housing Counselor sent an email to all parties, including Debtor after Debtor had failed to file her paperwork with the mediator that stated, "I am requesting that the mediation remain open.  … Borrower was given false information from a scammer that her loan has already been restructured. … We had a very lengthy conversation about this being a scam." A true and correct copy of the June 22, 2020 email is attached hereto, marked as Exhibit "12" and incorporated herein by reference.

11.    In response, the Mediator gave Debtor an extension of time to July 7, 2020 to produce her documentation, which she failed to do by July 7, 2020 or thereafter.  Since the Debtor had failed to respond to the follow-up emails and produce the documents on July 24, 2020, the Mediator made a finding Debtor did not participate in good faith by failing to provide documents or participate in the mediation. The Debtor was on this email and she responded on July 24, 2020 stating, "I'll be listing my home for Sale."  She had two and one-half months before the foreclosure took place and she did nothing.  A true and correct copy of the July 22,

Supplemental Declaration of Nancy R. Tragarz in Reply to
Response to Motion for Retroactive Annulment of the Stay
- Page 3

Ghidotti | Berger LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tele: 949-427-2010

Case 20-42304-BDL    Doc 32    Filed 01/11/21    Ent. 01/11/21 11:05:55    Pg. 15 of 60

1   2020 email is part of the email chain attached hereto, marked as Exhibit "10" and incorporated

2   herein by reference.

3          12.    Debtor failed to file a pre-foreclosure lawsuit five days before the sale to stop the

4   sell pursuant to the DTA.  Nor has Debtor filed a post-sale lawsuit or adversary case seeking to

5   set aside the sale as she stated in her Plan filed on October 23, 2020.

6          13.    The Broker's Price Opinion ("BPO") values the Property at $380,000, with a

7   quick sale price of $370,000. A true and correct copy of the BPO is attached hereto, marked as

8   Exhibit "13" and incorporated herein by reference.

9          Executed on January 11, 2020, at Santa Ana, California.

10

11                                          Nancy R. Tragarz

12

Supplemental Declaration of Nancy R. Tragarz in Reply to          Ghidotti | Berger LLP
Response to Motion for Retroactive Annulment of the Stay          1920 Old Tustin Ave.
- Page 4                                                          Santa Ana, CA 92705
                                                                  Tele: 949-427-2010

Case 20-42304-BDL    Doc 32    Filed 01/11/21    Ent. 01/11/21 11:05:55    Pg. 16 of 60

Exhibit 7

**Nancy Tragarz**

**From:** Nancy Tragarz
**Sent:** Friday, January 8, 2021 3:12 PM
**To:** Nancy Tragarz
**Subject:** FW: Fairbanks 20-42304

---

**From:** David <David@davidsmithlaw.com>
**Sent:** Tuesday, December 15, 2020 4:00 PM
**To:** jessica@davidsmithlaw.com; Erica Loftis <eloftis@ghidottiberger.com>; 'Jordan' <Jordan@chapter13tacoma.org>
**Cc:** Nancy Tragarz <ntragarz@ghidottiberger.com>
**Subject:** RE: Fairbanks 20-42304

All,

So, my client did not respond to the motion for the Trustee's relief from stay.

Since we did not oppose, an order an be uploaded so that we do not need to attend the hearing on this matter.

If you have a proposed order to review, I will be happy to look at it.

As to the plan objection, the Debtor will amend the plan to reflect that the property is no longer an asset of the estate, as indicated below.

We request that the Bank withdraw the objection because the resolution by relief from stay renders the objection moot.

Thanks,

David

1

Exhibit 8



| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER: *COMPLETE THIS SECTION***

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Prest 18-1135 0012963-01 3
JACARAE L. FAIRBANKS
18610 85TH AVENUE EAST
PUYALLUP, WA 98375

9590 9402 5617 9274 9472 09

2. Article Number *(Transfer from service label)*

7196 9002 4840 6189 4253

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  J. Fairbanks          □ Agent
                          □ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
                                    5/4

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
- □ Adult Signature
- □ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- □ Certified Mail Restricted Delivery
- □ Collect on Delivery
- □ Collect on Delivery Restricted Delivery
- □ Insured Mail
- □ Insured Mail Restricted Delivery (over $500)
- □ Priority Mail Express®
- □ Registered Mail™
- □ Registered Mail Restricted Delivery
- □ Return Receipt for Merchandise
- □ Signature Confirmation™
- □ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

20-42304-BDL    Doc 32    Filed 01/11/21    Ent. 01/11/21 11:05:55    Pg. 20



**USPS TRACKING #**

9590 9402 5617 9274 9472 09

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

P.O. Box 23159
San Diego, CA 92193-3159

Exhibit 9



# REFERRAL TO FORECLOSURE MEDIATION

**Check if Trustee Sale is within the next 10 days** ☐

| Law Firm or Counseling Agency: | | | |
|---|---|---|---|
| Attorney or Counselor Name: | Linda Taylor | | |
| Organization Name: | Urban League of Metropolitan Seattle | | |
| Address: | 105 14th Ave Suite 200 | County: | King |
| City: | Seattle | Zip: | 98122 |
| State: | Washington | Phone: | 206 461 3792 |
| Email: (Dept. of Commerce will send correspondence and notices to this email) | LTaylor@urbanleague.org | | |

### Borrower(s) Contact Information:
If more than two borrowers, use the Additional Information box.

| Name: | Jacare L Fairbanks a single woman |
|---|---|
| Mailing Address: | 18610 85th Ave East |
| City, Zip: | Puyallup    98375 |
| County: | Pierce |
| Email: | iamjacare@yahoo.com |
| Phone: | 2062517643 |
| Name: | |
| Mailing Address: | |
| City, Zip: | , |
| County: | |
| Email: | |
| Phone: | |

### Borrower Information:

Is(are) the person(s) listed above the borrower(s) identified on the note/Deed of Trust?
☒ Yes   ☐ No

If No, is(are) the person(s) eligible under (see Instructions):
☐ RCW 61.24.165(5)   or   ☐ RCW 61.24.165(6)

Is(are) the borrower(s) in bankruptcy (see Instructions)?
☐ Yes   ☒ No

### Beneficiary (Holder of Note) Contact Information:
See definitions in RCW 61.24.005.

| Name of Beneficiary: | Wilmington Savings Fund |
|---|---|
| Mailing Address: | 3020 Old Ranch Parkway |
| City: | Seal Beach |
| State, Zip: | Ca    90740 |
| Email: | |
| Phone: | |
| Loan No. (if known): | |
| Client ID (optional): | |

### Property Secured by Deed of Trust:

| Property Address: | 18610 85th Ave East |
|---|---|
| City: | Puyallup |
| County: | Pierce |
| State, Zip: | Washington   98375 |
| Parcel No. (optional): | 6024040310 |
| Lot No. (optional): | |

Is this Deed of Trust recorded against owner-occupied residential real property? The property must have been owner-occupied as of the date of the initial contact under RCW 61.24.031 was made (RCW 61.24.165). See definitions in RCW 61.24.005.
☒ Yes   ☐ No

### Voluntary Mediation (as of 6/12/2014):

Is this a "Voluntary Mediation Referral," meaning the borrower has failed to elect to mediate within the applicable time frame described in RCW 61.24.163(1)?
☐ Yes   ☒ No

If Yes, attach a voluntary mediation agreement signed by both parties to this referral form (see Instructions).

### Notice of Pre-Foreclosure Options Letter:

| Date: | |
|---|---|

### Notice of Default (required):
Borrowers with NODs prior to 7/22/2011 may be referred to mediation up to one day prior to the date of the Trustee Sale. Borrowers with NODs after 7/22/2011 may be referred until 20 days after the date a Notice of Trustee Sale has been RECORDED.

| Date: | 2/1/2020 |
|---|---|

### Recording of Notice of Trustee Sale:

| Date: | 4/30/2020 |
|---|---|

### Date of Trustee Sale:

| Date: | 8/28/2020 |
|---|---|

| Trustee Contact Information: | | Servicer Contact Information (optional): | |
|---|---|---|---|
| Organization: | Michelle R Ghiodotti | Organization: | |
| Contact Person: | | Contact Person: | |
| Mailing Address: | 9725 3rd Ave NE  Suite 600 | Mailing Address: | |
| City: | Seattle | City: | |
| State, Zip: | Washington    98115 | State, Zip: | |
| Email: | | Email: | |
| Phone: | 206 331 3280 | Phone: | |
| Trustee Ref. No: | | | |

| Additional information which may be helpful to the foreclosure mediation: |
|---|
| |

| This referral is being made in my capacity as a: | |
|---|---|
| ☒ Housing Counselor | ☐ Attorney |
| Name of HUD- or HFC-Approved Housing Agency:<br>**Urban League of Metropolitan Seattle** | WSBA #: |
| ☒ I will     ☐ I will not be representing the borrower(s) during the foreclosure mediation. | |

I certify that I have reviewed the individual circumstance(s) of the borrower(s) and find that foreclosure mediation is appropriate.  By signing below, I accept responsibility for the accuracy of this referral.


___*Linda Taylor*_____
Signature of referring attorney/housing counselor

___Linda Taylor_____
Print name of referring attorney/housing counselor

_____5/18/2020_____
Date

Exhibit 10

**Nancy Tragarz**

---

| | |
|---|---|
| **From:** | Nancy Tragarz |
| **Sent:** | Friday, January 8, 2021 3:30 PM |
| **To:** | Nancy Tragarz |
| **Subject:** | FW: MEDIATION CANCELLED:    FAIRBANKS - Referral for Foreclosure Mediation Notice, per RCW 61.24.163(3) PCCDR:0993804 |

---

**From:** Jacarae Fairbanks-Faison <iamjacarae@yahoo.com>
**Sent:** Friday, July 24, 2020 9:09 PM
**To:** Nancy Tragarz <ntragarz@ghidottiberger.com>; Jennifer Unger <jenu@centerforresolution.org>; Heather Smith <hsmith@ghidottiberger.com>; Natalie Lockhart <nlockhart@urbanleague.org>; Linda Taylor <ltaylor@urbanleague.org>
**Subject:** Re: MEDIATION CANCELLED: FAIRBANKS - Referral for Foreclosure Mediation Notice, per RCW 61.24.163(3) PCCDR:0993804

Thank you for all your help. I'll be listing my home for
Sale.

Thanks again for your efforts, but at this point, I have children at home for which I have to provide for. I didn't ask to be in this situation and its far beyond my control. Our country is in a Pandemic, I've been laid off and my children have been home since March. No school or child care. Shame on any lender or bank putting families out on the street. I've worked hard over the years to keep my home and I have plenty of equity. I'll be dammed if I sit back and let FCI take all me and my children have. I'm a single mother just trying to do my best.

Count your blessings, I'd hate for any one to ever have to experience what I'm going thru. Unless your rich, we are all just a paycheck away from being homeless. Having said that I hope this message reaches you all in good health, good fortune and may God have mercy on us all during these trying times.

Sincerely,

J. Fairbanks


Sent from Yahoo Mail for iPhone

On Friday, July 24, 2020, 6:51 PM, Nancy Tragarz <ntragarz@ghidottiberger.com> wrote:

> Thank you.
>
>
> Have a nice weekend.

Best regards,



**Nancy R. Tragarz, Esq. | Attorney**
1920 Old Tustin Avenue, Santa Ana, CA 92705
Email: ntragarz@ghidottiberger.com      | Tel: 949.427.2010, ext 1015
                                                                      | Fax: 949.427.2732

This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this e-mail in error or are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately via e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is STRICTLY PROHIBITED. Ghidotti Berger accepts no liability for the content of this e-mail, or for the consequences of any actions taken on the basis of the information provided. WARNING: Although Ghidotti Berger has taken reasonable precautions to ensure no viruses are present, computer viruses can be transmitted via e-mail. The company cannot accept responsibility for any loss or damage arising from the use of this e-mail or attachments. The recipient should check this e-mail and any attachments for the presence of viruses. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. If you are currently pursuing loss mitigation with the creditor or a debtor in bankruptcy or have been discharged in bankruptcy, or are otherwise protected by a bankruptcy stay, this is NOT an attempt to collect a debt and is for informational purposes only. You should consult legal counsel regarding your obligations, if any, to pay the mortgage loan

**From:** Jennifer Unger <jenu@centerforresolution.org>
**Sent:** Friday, July 24, 2020 6:13 PM
**To:** Nancy Tragarz <ntragarz@ghidottiberger.com>; Heather Smith <hsmith@ghidottiberger.com>; Natalie Lockhart <nlockhart@urbanleague.org>; Linda Taylor <ltaylor@urbanleague.org>
**Cc:** CDR Mediation Services <Mediations@centerforresolution.org>; iamjacarae@yahoo.com; Ron McMahan <rmcmahan@americanmortgageip.com>
**Subject:** MEDIATION CANCELLED: FAIRBANKS - Referral for Foreclosure Mediation Notice, per RCW 61.24.163(3) PCCDR:0993804
**Importance:** High

Good Afternoon, Everyone

The mediation scheduled for Tues, Aug. 4th has been cancelled by the mediator as the extended borrower deadlines were not met and the documents or a response have yet to be received.

**Next steps:**

The certificate will be issued to close this process upon my return on Tues, Aug. 4th

The borrower's uniform borrower assistance form /application has yet to be received.

Beneficiary: please re-work your NPV inputs into a more printable format to be attached to the mediation certificate. Example of the NPV inputs can be found on the FDIC worksheet. The worksheet itself can also be used with the test results for faster completion of the NPV requirement.

https://www.fdic.gov/consumers/assistance/protection/mortgages/fc-prevention/npvcalculator.html

Thanks,

Jen

**Jennifer Unger | Associate Director | she/her**

**CENTER FOR DIALOG & RESOLUTION** | **P:** 253.572.3657 | **E:** jenu@centerforresolution.org

717 Tacoma Ave South, Tacoma WA 98402 | www.CenterForResolution.org

Also known as the Pierce County Center for Dispute Resolution. The contents of this e-mail message and any attachments are confidential. If you are not the intended recipient, please notify me immediately and delete this message and its attachments, if any. Thank you.

**From:** Nancy Tragarz [mailto:ntragarz@ghidottiberger.com]
**Sent:** Friday, July 24, 2020 8:38 AM
**To:** Jennifer Unger <jenu@centerforresolution.org>; Heather Smith
<hsmith@ghidottiberger.com>; Natalie Lockhart <nlockhart@urbanleague.org>; Linda Taylor
<ltaylor@urbanleague.org>
**Cc:** CDR Mediation Services <Mediations@centerforresolution.org>; iamjacarae@yahoo.com;
Ron McMahan <rmcmahan@americanmortgageip.com>

**Subject:** RE: FAIRBANKS - Referral for Foreclosure Mediation Notice, per RCW 61.24.163(3)
PCCDR:0993804

Good morning,

Attached is a new current BPO with an As-is Sale Price of $380,000 and a Quick Sale Price of $370,000.  I believe we have supplied everything the beneficiary\servicer is required.  Please let us know if you need anything else.

We are looking forward to the  August 4, 2020 mediation.  Was that at 10:00 am?

Best regards,



Nancy R. Tragarz, Esq. |Attorney
1920 Old Tustin Avenue, Santa Ana, CA 92705
Email: ntragarz@ghidottiberger.com    | Tel:  949.427.2010, ext 1015
                                       | Fax: 949.427.2732

This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed.  If you have received this e-mail in error or are not the named addressee you should not disseminate, distribute or copy this e-mail.  Please notify the sender immediately via e-mail if you have received this e-mail by mistake and delete this e-mail from your system.  If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is STRICTLY PROHIBITED.  Ghidotti Berger accepts no liability for the content of this e-mail, or for the consequences of any actions taken on the basis of the information provided. WARNING:  Although Ghidotti Berger has taken reasonable precautions to ensure no viruses are present, computer viruses can be transmitted via e-mail.  The company cannot accept responsibility for any loss or damage arising from the use of this e-mail or attachments.  The recipient should check this e-mail and any attachments for the presence of viruses.  E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT.  ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. If you are currently pursuing loss mitigation with the creditor or a debtor in bankruptcy or have been discharged in bankruptcy, or are otherwise protected by a bankruptcy stay, this is NOT an attempt to collect a debt and is for informational purposes only. You should consult legal counsel regarding your obligations, if any, to pay the mortgage loan

**From:** Nancy Tragarz
**Sent:** Tuesday, July 21, 2020 4:06 PM
**To:** Jennifer Unger <jenu@centerforresolution.org>; Heather Smith <hsmith@ghidottiberger.com>; Natalie Lockhart <nlockhart@urbanleague.org>; Linda Taylor <ltaylor@urbanleague.org>
**Cc:** CDR Mediation Services <Mediations@centerforresolution.org>; iamjacarae@yahoo.com; Ron McMahan <rmcmahan@americanmortgageip.com>

**Subject:** RE: FAIRBANKS - Referral for Foreclosure Mediation Notice, per RCW 61.24.163(3) PCCDR:0993804

Thank you Jennifer,

My client has ordered a new BPO and we should have it shortly.

On **9/26/19,** the borrower executed a loan modification agreement with trial payment plan, which included 12 trial plan payments. Pursuant to paragraph 1 the borrower agreed: "During this Trial Payment Plan the Consumer understands that the loan will remain in foreclosure. If Consumer fails to make a monthly payment or exceeds a delinquency of Thirty (30) days or more, Consumer agrees to stipulate to Foreclosure." Borrower failed to make the 2/1/20, 3/1/20 and 4/1/20 trial plan payments.

A new NOTS was recorded on 4/30/20 with a sale date of 8/28/20. My client continued to attempt to work directly with Ms. Fairbanks and even made her another loan modification offer, which she failed to respond to.

My client does not do NPV calculations. The only guideline they use are based on the borrowers submitted documents, the borrower must have lower than a 50% DTI based on PITI and provided income documents. Ms. Fairbanks does not meet those guidelines. She has an excessive debt to income ratio of greater than 100% (proposed modified PITI monthly payment of $2,204 / monthly income of $2,000 as per provided tax returns).

*Formula for NPV*

NPV = (Cash flows)/( 1+r)i

i- Initial Investment – estimated payoff is $335,000 + $2,772 in missed escrow payment, mod. Balance of $337,772

r  = Discount rate – interest rate 5.5%

i = time period    - 480 months

PI: $1,742.13

Escrow: $462.00

Total: $2,204.13

Is this sufficient or do you need anything more?

If so, what NPV inputs are you specifically looking for?

We want to get you whatever information you require.

Best regards,



Nancy R. Tragarz, Esq. | Attorney
1920 Old Tustin Avenue, Santa Ana, CA 92705
Email: ntragarz@ghidottiberger.com    I Tel: 949.427.2010, ext 1015
                                       I Fax: 949.427.2732

This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this e-mail in error or are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately via e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is STRICTLY PROHIBITED. Ghidotti Berger accepts no liability for the content of this e-mail, or for the consequences of any actions taken on the basis of the information provided. WARNING: Although Ghidotti Berger has taken reasonable precautions to ensure no viruses are present, computer viruses can be transmitted via e-mail. The company cannot accept responsibility for any loss or damage arising from the use of this e-mail or attachments. The recipient should check this e-mail and any attachments for the presence of viruses. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. If you are currently pursuing loss mitigation with the creditor or a debtor in bankruptcy or have been discharged in bankruptcy, or are otherwise protected by a bankruptcy stay, this is NOT an attempt to collect a debt and is for informational purposes only. You should consult legal counsel regarding your obligations, if any, to pay the mortgage loan

**From:** Jennifer Unger <jenu@centerforresolution.org>
**Sent:** Thursday, July 16, 2020 11:12 PM
**To:** Nancy Tragarz <ntragarz@ghidottiberger.com>; Heather Smith <hsmith@ghidottiberger.com>; Natalie Lockhart <nlockhart@urbanleague.org>; Linda Taylor <ltaylor@urbanleague.org>
**Cc:** CDR Mediation Services <Mediations@centerforresolution.org>; iamjacarae@yahoo.com
**Subject:** RE: FAIRBANKS - Referral for Foreclosure Mediation Notice, per RCW 61.24.163(3) PCCDR:0993804

Good Evening, Everyone

Thank you all for your updates and documents.

**Outstanding Docs:**

Borrower:  Uniform Borrower Assistance Form ("UBAF")

Beneficiary:  NPV inputs and/or test results;  current BPO

Borrower's initial documents were received on 7/10.  The extended deadline for documents was 7/7.

I will follow up with parties regarding next steps upon my return later next week.

Thanks,

Jen

**REGISTER NOW: Basic Mediation Training (BMT) July 8 - 10, 15, and 16th**

**Jennifer Unger | Associate Director**

**CENTER FOR DIALOG & RESOLUTION** | **P:** 253.572.3657 | **E:** jenu@centerforresolution.org

717 Tacoma Ave South, Tacoma WA 98402 | www.CenterForResolution.org

Also known as the Pierce County Center for Dispute Resolution. The contents of this e-mail message and any attachments are confidential. If you are not the intended recipient, please notify me immediately and delete this message and its attachments, if any. Thank you.

**From:** Nancy Tragarz [mailto:ntragarz@ghidottiberger.com]
**Sent:** Thursday, July 16, 2020 9:04 PM
**To:** Heather Smith <hsmith@ghidottiberger.com>; Natalie Lockhart
<nlockhart@urbanleague.org>; Linda Taylor <ltaylor@urbanleague.org>; Jennifer Unger
<jenu@centerforresolution.org>
**Cc:** CDR Mediation Services <Mediations@centerforresolution.org>;
mhawkeye65@yahoo.com; iamjacarae@yahoo.com
**Subject:** RE: FAIRBANKS - Referral for Foreclosure Mediation Notice, per RCW 61.24.163(3)
PCCDR:0993804

Hello,

Attached is the BPO.

Best regards,



Nancy R. Tragarz, Esq. |Attorney
1920 Old Tustin Avenue, Santa Ana, CA 92705
Email: ntragarz@ghidottiberger.com    I Tel: 949.427.2010, ext 1015
                                       I Fax: 949.427.2732

This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed.  If you have received this e-mail in error or are not the named addressee you should not disseminate, distribute or copy this e-mail.  Please notify the sender immediately via e-mail if you have received this e-mail by mistake and delete this e-mail from your system.  If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is STRICTLY PROHIBITED.  Ghidotti Berger accepts no liability for the content of this e-mail, or for the consequences of any actions taken on the basis of the information provided. WARNING:  Although Ghidotti Berger has taken reasonable precautions to ensure no viruses are present, computer viruses can be transmitted via e-mail.  The company cannot accept responsibility for any loss or damage arising from the use of this e-mail or attachments.  The recipient should check this e-mail and any attachments for the presence of viruses.  E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT.  ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. If you are currently pursuing loss mitigation with the creditor or a debtor in bankruptcy or have been discharged in bankruptcy, or are otherwise protected by a bankruptcy stay, this is NOT an attempt to collect a debt and is for informational purposes only. You should consult legal counsel regarding your obligations, if any, to pay the mortgage loan

**From:** Heather Smith <hsmith@ghidottiberger.com>
**Sent:** Thursday, July 16, 2020 10:05 AM
**To:** Natalie Lockhart <nlockhart@urbanleague.org>; Linda Taylor <ltaylor@urbanleague.org>;
Jennifer Unger <jenu@centerforresolution.org>
**Cc:** CDR Mediation Services <Mediations@centerforresolution.org>;
mhawkeye65@yahoo.com; iamjacarae@yahoo.com; Nancy Tragarz
<ntragarz@ghidottiberger.com>; Heather Smith <hsmith@ghidottiberger.com>
**Subject:** RE: FAIRBANKS - Referral for Foreclosure Mediation Notice, per RCW 61.24.163(3)
PCCDR:0993804

Hello,

Please find attached the following beneficiary documents for your review/reference.

- Note

- DOT

- Beneficiary Declaration

- Payoff

- Reinstatement

- Payment history (PH1, PH2, PH3)

- Workout denial letter

Thank you,



Heather Smith | Foreclosure Assistant
Email: hsmith@ghidottiberger.com     I Tel: 949.427.2010
                                     I Fax: 949.427.2732

This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed.  If you have received this e-mail in error or are not the named addressee you should not disseminate, distribute or copy this e-mail.  Please notify the sender immediately via e-mail if you have received this e-mail by mistake and delete this e-mail from your system.  If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is STRICTLY PROHIBITED.  Ghidotti Berger accepts no liability for the content of this e-mail, or for the consequences of any actions taken on the basis of the information provided. WARNING:  Although Ghidotti Berger has taken reasonable precautions to ensure no viruses are present, computer viruses can be transmitted via e-mail.  The company cannot accept responsibility for any loss or damage arising from the use of this e-mail or attachments.  The recipient should check this e-mail and any attachments for the presence of viruses.  E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT.  ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. If you are currently pursuing loss mitigation with the creditor or a debtor in bankruptcy or have been discharged in bankruptcy, or are otherwise protected by a bankruptcy stay, this is NOT an attempt to collect a debt and is for informational purposes only. You should consult legal counsel regarding your obligations, if any, to pay the mortgage loan.

**From:** Nancy Tragarz <ntragarz@ghidottiberger.com>
**Sent:** Friday, July 10, 2020 3:37 PM
**To:** Natalie Lockhart <nlockhart@urbanleague.org>
**Cc:** Linda Taylor <ltaylor@urbanleague.org>; Jennifer Unger <jenu@centerforresolution.org>; Ron McMahan <rmcmahan@americanmortgageip.com>; CDR Mediation Services <Mediations@centerforresolution.org>; mhawkeye65@yahoo.com; iamjacarae@yahoo.com; Heather Smith <hsmith@ghidottiberger.com>
**Subject:** RE: FAIRBANKS - Referral for Foreclosure Mediation Notice, per RCW 61.24.163(3) PCCDR:0993804

Good afternoon,

The extended deadline was July 7.

Best regards,



Nancy R. Tragarz, Esq. |Attorney
1920 Old Tustin Avenue, Santa Ana, CA 92705
Email: ntragarz@ghidottiberger.com    | Tel: 949.427.2010, ext 1015
                                        | Fax: 949.427.2732

This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed.  If you have received this e-mail in error or are not the named addressee you should not disseminate, distribute or copy this e-mail.  Please notify the sender immediately via e-mail if you have received this e-mail by mistake and delete this e-mail from your system.  If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is STRICTLY PROHIBITED.  Ghidotti Berger accepts no liability for the content of this e-mail, or for the consequences of any

actions taken on the basis of the information provided. WARNING: Although Ghidotti Berger has taken reasonable precautions to ensure no viruses are present, computer viruses can be transmitted via e-mail. The company cannot accept responsibility for any loss or damage arising from the use of this e-mail or attachments. The recipient should check this e-mail and any attachments for the presence of viruses. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. If you are currently pursuing loss mitigation with the creditor or a debtor in bankruptcy or have been discharged in bankruptcy, or are otherwise protected by a bankruptcy stay, this is NOT an attempt to collect a debt and is for informational purposes only. You should consult legal counsel regarding your obligations, if any, to pay the mortgage loan

**From:** Natalie Lockhart <nlockhart@urbanleague.org>
**Sent:** Friday, July 10, 2020 3:01 PM
**To:** Nancy Tragarz <ntragarz@ghidottiberger.com>
**Cc:** Linda Taylor <ltaylor@urbanleague.org>; Jennifer Unger <jenu@centerforresolution.org>; Ron McMahan <rmcmahan@americanmortgageip.com>; CDR Mediation Services <Mediations@centerforresolution.org>; mhawkeye65@yahoo.com, iamjacarae@yahoo.com; Heather Smith <hsmith@ghidottiberger.com>
**Subject:** Re: FAIRBANKS - Referral for Foreclosure Mediation Notice, per RCW 61.24.163(3) PCCDR:0993804

All, borrower has provided the attached documents. I have requested that she send the following missing documents as soon as possible:

1) copy of unemployment award letter

2) copy of the lease/rental agreement and proof that payments are made

3) 60 days most current, consecutive bank statements, all pages, all accounts

4) UBAF

Once documents are received, will forward for continued review. Thank you!

On Wed, Jul 1, 2020 at 5:42 PM Nancy Tragarz <ntragarz@ghidottiberger.com> wrote:

Good afternoon,

As stated in my prior email, Mediation was requested on 5/18/20. The referral letter was sent out and received on 5/21/20. Hence, per statute the mediation is to be completed by 7/30/20. We request a mediation date prior to 7/31/20. I am available any date or time on July 27-30. But if the mediator cannot fit us in before then, we will agree to August 4th am or pm but no date beyond that.

As you are aware, on **9/26/19,** the borrower executed a loan modification agreement with trial payment plan, which included 12 trial plan payments. Pursuant to paragraph 1 the borrower agreed: "During this Trial Payment Plan the Consumer understands that the loan will remain in foreclosure. If Consumer fails to make a monthly payment or exceeds a delinquency of Thirty (30) days or more, Consumer agrees to stipulate to Foreclosure." Borrower failed to make the 2/1/20, 3/1/20 and 4/1/20 trial plan payments. My client tried to work with her after her 2/1/20 default, but she has failed to respond to anyone.

Best regards,



Nancy R. Tragarz, Esq. | Attorney
1920 Old Tustin Avenue, Santa Ana, CA 92705
Email: ntragarz@ghidottiberger.com     | Tel: 949.427.2010, ext 1015
                                        | Fax: 949.427.2732

This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this e-mail in error or are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately via e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is STRICTLY PROHIBITED. Ghidotti Berger accepts no liability for the content of this e-mail, or for the consequences of any actions taken on the basis of the information provided. WARNING: Although Ghidotti Berger has taken reasonable precautions to ensure no viruses are present, computer viruses can be transmitted via e-mail. The company cannot accept responsibility for any loss or damage arising from the use of this e-mail or attachments. The recipient should check this e-mail and any attachments for the presence of viruses. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. If you are currently pursuing loss mitigation with the creditor or a debtor in bankruptcy or have been discharged in bankruptcy, or are otherwise protected by a bankruptcy stay, this is NOT an attempt to collect a debt and is for informational purposes only. You should consult legal counsel regarding your obligations, if any, to pay the mortgage loan

**From:** Linda Taylor <ltaylor@urbanleague.org>
**Sent:** Wednesday, July 1, 2020 4:46 PM
**To:** 'Jennifer Unger' <jenu@centerforresolution.org>; 'Ron McMahan' <rmcmahan@americanmortgageip.com>; 'Natalie Lockhart' <nlockhart@urbanleague.org>; Nancy Tragarz <ntragarz@ghidottiberger.com>
**Cc:** AWilliams@urbanleague.org; 'CDR Mediation Services'

<[Mediations@centerforresolution.org](mailto:Mediations@centerforresolution.org)>; [mhawkeye65@yahoo.com](mailto:mhawkeye65@yahoo.com); [iamjacarae@yahoo.com](mailto:iamjacarae@yahoo.com);
Heather Smith <[hsmith@ghidottiberger.com](mailto:hsmith@ghidottiberger.com)>
**Subject:** RE: FAIRBANKS - Referral for Foreclosure Mediation Notice, per RCW
61.24.163(3) PCCDR:0993804

August 4th works well for AM or PM

Linda Taylor

**From:** Jennifer Unger <[jenu@centerforresolution.org](mailto:jenu@centerforresolution.org)>
**Sent:** Wednesday, July 1, 2020 4:33 PM
**To:** Ron McMahan <[rmcmahan@americanmortgageip.com](mailto:rmcmahan@americanmortgageip.com)>; Natalie Lockhart
<[nlockhart@urbanleague.org](mailto:nlockhart@urbanleague.org)>; Nancy Tragarz [ntragarz@ghidottiberger.comAugust](mailto:ntragarz@ghidottiberger.com) th
**Cc:** [ltaylor@urbanleague.org](mailto:ltaylor@urbanleague.org); [AWilliams@urbanleague.org](mailto:AWilliams@urbanleague.org); CDR Mediation Services
<[Mediations@centerforresolution.org](mailto:Mediations@centerforresolution.org)>; [mhawkeye65@yahoo.com](mailto:mhawkeye65@yahoo.com); [iamjacarae@yahoo.com](mailto:iamjacarae@yahoo.com);
Heather Smith <[hsmith@ghidottiberger.com](mailto:hsmith@ghidottiberger.com)>
**Subject:** RE: FAIRBANKS - Referral for Foreclosure Mediation Notice, per RCW
61.24.163(3) PCCDR:0993804

Good Afternoon, Everyone

I asked 2 concrete questions on 6/25/20:

1.    Borrower –given the borrower submitted documents to apparent scam agency outside of this process, What is the proposed timeline for a new packet of documents to be circulated through this mediation?

2.    Dates for Mediation:

- Tues, Aug. 4th AM/PM

- Wed, Aug. 5th- PM

- Thurs, Aug. 6th – AM/PM

- Tues, Aug. 11th – AM/PM

- Thurs, Aug. 13th – AM/PM

I am proposing that a mediation date be set regardless of the document review at the moment.  If the statutorily required minimum of ==borrower's documents are not received by Tuesday, July 7th==, the mediation process will not continue and the mediation will be closed.

If the documents are received by the deadline,  parties will be expected to prepare for mediation on the mutually agreed date.  If a date is not agreed to, the mediator will set a mediation date to occur on or before Thurs, Aug. 13th.   This will allow the time necessary for parties to either reach agreements and create next steps or the trustee will proceed with the presently scheduled sale date.

Please let me know if you have any questions.  I can be available by phone or email between 10am – 4pm.

Thanks,

Jen

**REGISTER NOW: Basic Mediation Training (BMT) July 8 - 10, 15, and 16th**

**Jennifer Unger | Associate Director**

**CENTER FOR DIALOG & RESOLUTION** | **P:** 253.572.3657 | **E:** jenu@centerforresolution.org

717 Tacoma Ave South, Tacoma WA 98402 | www.CenterForResolution.org

Also known as the Pierce County Center for Dispute Resolution. The contents of this e-mail message and any attachments are confidential. If you are not the intended recipient, please notify me immediately and delete this message and its attachments, if any. Thank you.

Click here to report this email as spam.

Exhibit 11

# DECLARATION OF MAILING

**iMailTracking, LLC**
9620 Ridgehaven Court, Suite A
San Diego, CA 92123


Reference No:       18-1135
Mailing Number:    0014557-01
Type Of Mailing:    WAPPNTC


I, _____ **Jacob Smith** _____, declare as follows:

I am now, and at all times mentioned herein, a citizen of the United States, over the age of eighteen years, and a resident of San Diego County, California.

At the request of Michelle Ghidotti, Esq on 8/28/2020, I deposited in the United States mail a copy of the attached document, in separate sealed envelopes, in accordance with the checked mailing classes listed below, postage prepaid, to the address list in Exhibit A which is attached hereto and made a part hereof.

    ☒ First Class
    ☐ Certified
    ☒ Certified with Return Receipt
    ☐ Certified with Return Receipt and Restricted Delivery
    ☐ Certified with Electronic Return Receipt
    ☐ Registered
    ☐ Registered International

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Date and Location: 8/28/2020 San Diego, California


Jacob Smith, Mail Production Specialist, iMailTracking, LLC

**Michelle Ghidotti, Esq.**
**9725 3rd Ave NE Ste 600**
**Seattle, WA 98115-2061**
**(206) 331-3280**

**NOTICE TO BORROWER OF POSTPONEMENT OF TRUSTEE'S SALE**


**August 28, 2020**

Re:    T.S. Number:    **18-1135**

       Property Address:    **18610 85TH AVENUE EAST**
                           **PUYALLUP, WA 98375**

       Sale Location:    **THE 2ND FLOOR ENTRY PLAZA OUTSIDE**
                           **THE COUNTY COURTHOUSE, 930 TACOMA**
                           **AVENUE SOUTH, TACOMA, WA 98402**

You are hereby notified that the above-referenced Trustee's Sale previously scheduled for **8/28/2020** at **10:00 AM** has been postponed to **10/02/2020** at **10:00 AM**.

**YOU MAY NOT RECEIVE WRITTEN NOTICE OF POSTPONEMENT EACH TIME THE TRUSTEE'S SALE IS POSTPONED.  TO PROTECT YOUR INTEREST IN THE PROPERTY, IT IS IMPORTANT THAT YOU MONITOR ALL POSTPONEMENTS OF THE TRUSTEE'S SALE.**   You may monitor trustee's sale postponements by attending the scheduled trustee's sale at the place in the notice of trustee's sale and at the date and time in the most recent public declaration of postponement. While a public declaration at the time set for trustee's sale is the official method for postponing a trustee's sale, you can also obtain information about further trustee's sale postponements by calling (714) 730-2727 or through the following website: https://www.servicelinkasap.com/default.aspx, using the file number assigned to this case 18-1135  and by accepting the terms and conditions for that resource.  **UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE WITHOUT FURTHER NOTICE.**

MICHELLE R. GHIDOTTI, ESQ., as authorized agent of the beneficiary


Briana Young, Trustee Sale Officer

| | |
|---|---|
| Postal Class: | First Class |
| Type of Mailing: | WAPPNTC |
| Attachment: | 0014557-01 000 20200828 Prestige000402 |

Sender: Michelle Ghidotti, Esq
1920 Old Tustin Ave.
Santa Ana CA 92705

2 (11)9690024802950472
Resident of the Property Subject to Foreclosure Sale
18610 85TH AVENUE EAST
PUYALLUP, WA 98375

4 (11)9690024802950502
Occupants
18610 85TH AVENUE EAST
PUYALLUP, WA 98375

6 (11)9690024802950533
Unknown Spouse and/or Domestic Partner of JACARAE L. FAIRBANKS
18610 85TH AVENUE EAST
PUYALLUP, WA 98375

8 (11)9690024802950564
JACARAE L. FAIRBANKS
18610 85TH AVENUE EAST
PUYALLUP, WA  98375

10 (11)9690024802950595
PIERCE COUNTY SEWER
PIERCE COUNTY PLANNING & PUBLIC WORKS
9850 64TH ST W
UNIVERSITY PLACE, WA  98467-1078

12 (11)9690024802950618
Aleksandr Kanonik
1911 SW Campus Dr., #624
Federal Way, WA  98023

14 (11)9690024802950632
Eugene Bien
3927 Lake Washington Blvd. NE
Kirkland, WA  98037

16 (11)9690024802950656
Michael Monson
9912 Chapman Dr. NW
Gig Harbor, WA 98332

18 (11)9690024802950670
PIERCE COUNTY SEWER
PIERCE COUNTY PLANNING & PUBLIC WORKS
9850 64TH ST W
UNIVERSITY PLACE, WA  98467-1078

20 (11)9690024802950700
PIERCE COUNTY SEWER
PIERCE COUNTY PLANNING & PUBLIC WORKS
9850 64TH ST W
UNIVERSITY PLACE, WA  98467-1078

| | | |
|---|---|---|
| Postal Class: | Certified - Ret | Sender: Michelle Ghidotti, Esq |
| Type of Mailing: | WAPPNTC | 1920 Old Tustin Ave. |
| Attachment: | 0014557-01 000 20200828 Prestige000402 | Santa Ana CA 92705 |

1      71969002484063045233
Resident of the Property Subject to Foreclosure Sale
18610 85TH AVENUE EAST
PUYALLUP, WA 98375

3      71969002484063045264
Occupants
18610 85TH AVENUE EAST
PUYALLUP, WA 98375

5      71969002484063045288
Unknown Spouse and/or Domestic Partner of JACARAE L. FAIRBANKS
18610 85TH AVENUE EAST
PUYALLUP, WA 98375

7      71969002484063045301
JACARAE L. FAIRBANKS
18610 85TH AVENUE EAST
PUYALLUP, WA  98375

9      71969002484063045325
PIERCE COUNTY SEWER
PIERCE COUNTY PLANNING & PUBLIC WORKS
9850 64TH ST W
UNIVERSITY PLACE, WA  98467-1078

11     71969002484063045349
Aleksandr Kanonik
1911 SW Campus Dr., #624
Federal Way, WA  98023

13     71969002484063045363
Eugene Bien
3927 Lake Washington Blvd. NE
Kirkland, WA  98037

15     71969002484063045387
Michael Monson
9912 Chapman Dr. NW
Gig Harbor, WA 98332

17     71969002484063045394
PIERCE COUNTY SEWER
PIERCE COUNTY PLANNING & PUBLIC WORKS
9850 64TH ST W
UNIVERSITY PLACE, WA  98467-1078

19     71969002484063045417
PIERCE COUNTY SEWER
PIERCE COUNTY PLANNING & PUBLIC WORKS
9850 64TH ST W
UNIVERSITY PLACE, WA  98467-1078

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Prest 18-1135 0014557-01 7
JACARAE L. FAIRBANKS
18610 85TH AVENUE EAST
PUYALLUP, WA 98375



9590 9402 5618 9274 4512 79

2. Article Number (Transfer from service label)

7196900248406304530301

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Fairbanks_  ☐ Agent
☐ Addre

B. Received by (Printed Name)  C. Date of Deli

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



USPS TRACKING #

9590 9402 5618 9274 4512 79

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

P.O. Box 23159
San Diego, CA 92193-3159

# Exhibit 12

## Nancy Tragarz

| | |
|---|---|
| **From:** | Nancy Tragarz |
| **Sent:** | Friday, January 8, 2021 2:29 PM |
| **To:** | Nancy Tragarz |
| **Subject:** | FW: FAIRBANKS - Referral for Foreclosure Mediation Notice, per RCW 61.24.163(3) |
| **Attachments:** | JACARAE FAIRBANKS  RESTRUCTURE     PROPOSAL 8 (1).pdf |

**From:** Natalie Lockhart <nlockhart@urbanleague.org>
**Sent:** Monday, June 22, 2020 2:43 PM
**To:** Nancy Tragarz <ntragarz@ghidottiberger.com>
**Cc:** ltaylor@urbanleague.org; AWilliams@urbanleague.org; jennifern@pccdr.org; jenu@centerforresolution.org; Mediations@CenterForResolution.org; mhawkeye65@yahoo.com; iamjacarae@yahoo.com; Heather Smith <hsmith@ghidottiberger.com>
**Subject:** Re: FAIRBANKS - Referral for Foreclosure Mediation Notice, per RCW 61.24.163(3)

All, I am requesting that the mediation remain open.  Please see attached. Borrower is working on her package for the Urban League and mediation.  Borrower was given false information from a scammer that her loan has already been restructured, with instructions to forward the first 3 payments directly to them (not the lender), then on the 4th payment start paying the lendr.  She was under the impression that this company was instrumental in getting her mediation and the reason her sale was stopped.  We had a very lengthy conversation about this being a scam, that under no circumstances was she to ever make payments to anyone other than her lender, and that her mediation was active due to referral by the Urban League.

Since she had forwarded all documents to this lender, she is rebuilding her case.  Please give additional time for this to be provided.  Your cooperation is greatly appreciated.


email: nlockhart@urbanleague.org

Exhibit 13



**Red Bell Real Estate, LLC**
a Radian company

# BROKER PRICE OPINION - EXTERIOR



**ADDRESS:** 18610 85TH AVE E, PUYALLUP, WA 98375

| PROPERTY TYPE | PROPERTY STYLE | UNIT(S) | CONDITION | YEAR BUILT | LOT SIZE (ACRES) | SQ. FT | ROOMS | BED | BATH | ASSESSOR PARCEL NO. |
|---|---|---|---|---|---|---|---|---|---|---|
| SFD | Traditional | 1 | C3 | 2003 | 0.130 | 2369 | 9 | 4 | 3.0 | 602404-031-0 |

## ORDER INFORMATION

| | | | | | |
|---|---|---|---|---|---|
| ORDER NO. | 4863561 | INFO SOURCE | Tax data | BROKER NAME | Brandon R Heilbrun |
| CUSTOMER | American Mortgage IP | CUSTOMER ID | 9160041074 | POOL NAME | PRP 2018_1024 |
| CUSTOMER CONTACT | Tauane Horton | BORROWER | | COMPANY | |

## PRICE OPINION

| | | | |
|---|---|---|---|
| AS-IS SALE PRICE | AS IS LIST PRICE | $390,000.00 | REPAIRED SALE PRICE |
| **$380,000.00** | QUICK SALE PRICE | $370,000.00 | **$380,000.00** |
| | TYPICAL MARKET TIME | 1-60 | |

| | |
|---|---|
| REPAIRED LIST PRICE | $390,000.00 |
| REP. QUICK SALE PRICE | $370,000.00 |
| REPAIR ESTIMATE | $0.00 |

### PRICING COMMENTS

**PRICING STRATEGY**
Pricing suggestion came about from analyzing the most current comps which are located as close to subject as possible and are as close as feasible in ...Full Statement on Last Page

**QC REVIEW**
A series of BPO reports from 2017-2019 price the home between $290k and $330k, which is a swing of 13%, but is also a generally increasing pattern. ...Full Statement on Last Page

## REPAIR DETAILS

| | | | | |
|---|---|---|---|---|
| REPAIRS RECOMMENDED No | RESALE PROBLEM No | REPAIRS ESTIMATE $0.00 | DAYS TO COMPLETE 0 | TO 0 |

| EXTERIOR REPAIR TYPE | REPAIR COMMENTS | AMOUNT | EXTERIOR REPAIR TYPE | REPAIR COMMENTS | AMOUNT |
|---|---|---|---|---|---|
| PAINTING | | $0.00 | OTHER | | $0.00 |
| FOUNDATION | | $0.00 | POOL | | $0.00 |
| LANDSCAPING | | $0.00 | REPAIR BID | | $0.00 |
| ROOF | | $0.00 | | | |
| WINDOWS | | $0.00 | | | |

### CONDITION/REPAIR COMMENTS

Subject is on a quiet residential block. No immediate repair or modernization required.

## PROPERTY INFORMATION

| | | | | | |
|---|---|---|---|---|---|
| PROPERTY VACANT | No | LAND VALUE | $83,400.00 | MARKET RENT (MNTH) | 1400.00 |
| SECURED | Yes | VIEW | Neighborhood | HOA FEES | 0.00 |

| | | | | | |
|---|---|---|---|---|---|
| GUEST HOUSE SF | 0 |
| GUEST HOUSE BSMT SF | 0 |

| | | | | | |
|---|---|---|---|---|---|
| CURRENTLY LISTED | No | LISTING BROKER | | LIST IN LAST 12 MO. | No | DOM | 0 |
| DOM | 0 | COMPANY | | SOLD IN LAST 12 MO. | No | SALE DATE | |
| ORIGINAL LIST PRICE | $0.00 | PHONE | | ORIGINAL LIST PRICE | $0.00 | LISTING BROKER | |
| CURRENT LIST PRICE | $0.00 | | | FINAL LIST PRICE | $0.00 | COMPANY | |
| | | | | SALE PRICE | $0.00 | PHONE | |

### SUBJECT COMMENTS

The subject appears to be in average condition and conforms to the neighborhood

## NEIGHBORHOOD INFORMATION

| | | | | | |
|---|---|---|---|---|---|
| POPULATION DENSITY | Urban | HOME VALUES ARE | Stable | SUPPLY | Stable | APPROX # OF COMPS FOR SALE IN NEIGHBORHOOD | 10 |
| CRIME/VANDAL RISK | Low | AT A RATE OF | 0.000 | DEMAND | Stable | | |
| NEIGHBORHOOD TREND | Stable | OWNER OCCUPIED % | 80.000 | COMPETING LISTINGS | 12 | # BOARDED/BLOCKED | |
| ENVIRONMENTAL ISSUES | No | PRIDE OF OWNERSHIP | Average | VALUE RANGE | $379,950.00 | UP IN NEIGHBORHOOD | 0 |
| | | PREDOMINANT BUYER | Owner Occupied | TO | $435,000.00 | | |

### NEIGHBORHOOD COMMENTS

The subject is located in a urban neighborhood with stable property values and a balanced supply Vs demand of homes. The economy is stable, ...Full Statement on Last Page

Copyright Red Bell Real Estate, LLC 2019. All rights reserved.

**Red Bell Real Estate, LLC**
a Radian company

| ORDER DATE | 07/17/2020 |
| INSPECTION DATE | 07/17/2020 |
| COMPLETE DATE | 07/18/2020 |

## BROKER PRICE OPINION - EXTERIOR

**ADDRESS:** 18610 85TH AVE E, PUYALLUP, WA 98375

| PROPERTY TYPE | PROPERTY STYLE | UNIT(S) | CONDITION | YEAR BUILT | LOT SIZE (ACRES) | SQ. FT | ROOMS | BED | BATH | ASSESSOR PARCEL NO. |
|---|---|---|---|---|---|---|---|---|---|---|
| SFD | Traditional | 1 | C3 | 2003 | 0.130 | 2369 | 9 | 4 | 3.0 | 602404-031-0 |

## SOLD COMPARABLES

| # | STREET ADDRESS | CITY | ZIP | UNIT(S) | CONDITION | YEAR BUILT | LOT SIZE | SQ. FT. | ROOMS | BED | BATH | GARAGE | DIST. | LIST DATE | LIST PRICE | ACT DOM | TOT DOM | SP S/ SQ. FT | COE DATE | SOLD PRICE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 9318 186th St Ct E | Puyallup | 98375 | 1 | C3 | 2004 | 0.110 | 2295 | 7 | 3 | 2.5 | Garage - 2 Car | 0.41 | 06/18/20 | $385,000.00 | 28 | 28 | $174.95 | 07/16/20 | $401,500.00 |
| 2 | 18904 88th Ave E | Puyallup | 98375 | 1 | C3 | 2001 | 0.130 | 2208 | 8 | 4 | 2.5 | Garage - 2 Car | 0.24 | 02/13/20 | $379,950.00 | 65 | 65 | $183.42 | 04/18/20 | $405,000.00 |
| 3 | 8713 188th St Ct E | Puyallup | 98375 | 1 | C3 | 2007 | 0.130 | 2150 | 7 | 3 | 3.0 | Garage - 2 Car | 0.20 | 02/26/20 | $375,000.00 | 37 | 37 | $186.05 | 04/03/20 | $400,000.00 |



### SOLD #1 (0.41 miles) 9318 186th St Ct E

**SUBDIVISION:** PUYALLUP

**COMMENTS:** Welcome to this turn key 3 bed, 2.5 bath home. Beautiful new laminate firs lead into a lg flowing living area. Open space kitchen w/lg island, new apps & huge walk in pantry. Upstairs has 3 bedrooms plus lg bonus area. Master suite w/walk-in closet & 5 pc ensuite ba. Most rooms have new paint, new carpet & linoleum in bathrooms. Entertain w/summer BBQ's in the fully fenced backyard that backs to open space. Easy commute to JBLM, restaurants, shops & great schools. This one checks all the boxes!



### SOLD #2 (0.24 miles) 18904 88th Ave E

**SUBDIVISION:** PUYALLUP

**COMMENTS:** Welcome home to Hillsboro in Silver Creek!This gorgeous home with the master on main offers a spacious bedrooms.A cozy living room with a gas fireplace .Open Kitchen with Island. Vauletd entry with arched entrances to the living and dining rooms. Enjoy your private backyard on the greenbelt for entertaining guest. This gated community also offers a clubhouse tennis and basketball court and play areas in walking distance.Restaurants and shopping nearby.Puyallup Schools.



### SOLD #3 (0.20 miles) 8713 188th St Ct E

**SUBDIVISION:** PUYALLUP

**COMMENTS:** Welcome Home! This fantastic 2-Story in Silver Creek features an open & spacious floor plan w/designer colors, rounded archways & upgrades throughout. Nice living space w/gas fireplace, gourmet kitchen w/eating area & dining rm, 3 bdrms + a fabulous bonus rm up, 2.5 baths & 2,150 sq ft. You'll love the master suite w/5 piece bath, soaking tub, double sinks, separate shower & walk-in closet. Fully fenced yard w/patio backs to a wonderful greenbelt, 2 car attached garage, and new AC!

Copyright Red Bell Real Estate, LLC 2019. All rights reserved.

**Red Bell Real Estate, LLC**
a Radian company

ORDER DATE 07/17/2020
INSPECTION DATE 07/17/2020
COMPLETE DATE 07/18/2020

**BROKER PRICE OPINION - EXTERIOR**

**ADDRESS:** 18610 85TH AVE E, PUYALLUP, WA 98375

| PROPERTY TYPE | PROPERTY STYLE | UNIT(S) | CONDITION | YEAR BUILT | LOT SIZE (ACRES) | SQ. FT | ROOMS | BED | BATH | ASSESSOR PARCEL NO. |
|---|---|---|---|---|---|---|---|---|---|---|
| SFD | Traditional | 1 | C3 | 2003 | 0.130 | 2369 | 9 | 4 | 3.0 | 602404-031-0 |

## LISTED COMPARABLES

| # | STREET ADDRESS | CITY | ZIP | UNIT(S) | CONDITION | YEAR BUILT | LOT SIZE | SQ. FT. | ROOMS | BED | BATH | GARAGE | DIST. | LIST DATE | CURRENT LIST PRICE | ORIGINAL LIST PRICE | ACT DOM | TOT DOM | SP $/ SQ. FT. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 8603 188th St Ct E | Puyallup | 98375 | 1 | C3 | 2007 | 0.140 | 2017 | 7 | 3 | 2.5 | Garage - 2 Car | 0.15 | 06/19/20 | $399,950.00 | $399,950.00 | 29 | 29 | $198.29 |
| 2 | 18609 87th Av Ct E | Puyallup | 98375 | 1 | C3 | 2007 | 0.120 | 2190 | 8 | 4 | 2.5 | Garage - 2 Car | 0.18 | 06/17/20 | $415,000.00 | $415,000.00 | 31 | 31 | $189.50 |
| 3 | 19513 91st Ave E | Graham | 98338 | 1 | C3 | 2010 | 0.100 | 2159 | 8 | 4 | 2.5 | Garage - 2 Car | 0.68 | 07/07/20 | $399,950.00 | $399,950.00 | 11 | 11 | $185.25 |

### LISTED #1 (0.15miles) 8603 188th St Ct E

**SUBDIVISION:** PUYALLUP



**COMMENTS:** This Silver Creek home offers 3 Bedrooms, 2.5 Baths, lovely kitchen with island, abundant cabinetry and a great room with a cozy gas fire place. Spacious upstairs master suite with 5 piece master bath, soaking tub, separate shower, dual vanity & walk in closet! Enjoy your fully fenced flat backyard & piece of mind that this home comes with a 1 year "shield essential" home warranty thru American Home Shield. Enjoy the 360 virtual tour.

### LISTED #2 (0.18miles) 18609 87th Av Ct E

**SUBDIVISION:** Puyallup



**COMMENTS:** This fantastic 2-story home in Silver Creek is just what U need to kick off ur summer! Featuring a spacious backyard which faces a greenbelt & peek-a-boo views of Mt. Rainier. The patio space & privacy is perfect to host ur gatherings. Step inside & admire the huge living room & kitchen b4 you walk out to the formal dining & living room. Make your way upstairs to find 3 bedrooms & a bath, plus a masterbed w/ vaulted ceilings. Puyallup School District & close to shopping/dining. Welcome Home!

### LISTED #3 (0.68miles) 19513 91st Ave E

**SUBDIVISION:** Graham



**COMMENTS:** Beautiful 2159 SF home in the desirable Winterwood community! Close to shopping, dining and JBLM! 4 spacious bedrooms or optional Bonus room/5th Bedroom!! Open Family Room and Kitchen with breakfast nook plus Formal Dining. Slider access to fenced back yard. Kitchen features gas range, granite slab counters and WI pantry. Master Suite boasts private bath, recessed ceiling, french doors & walk-in closet. Upper floor utility room. White trim package, laminate hardwood on main plus 2 car garage

Copyright Red Bell Real Estate, LLC 2019. All rights reserved.

# Red Bell Real Estate, LLC
a Radian company

**ORDER DATE** 07/17/2020
**INSPECTION DATE** 07/17/2020
**COMPLETE DATE** 07/18/2020

## BROKER PRICE OPINION - EXTERIOR

**ADDRESS:** 18610 85TH AVE E, PUYALLUP, WA 98375

| PROPERTY TYPE | PROPERTY STYLE | UNIT(S) | CONDITION | YEAR BUILT | LOT SIZE (ACRES) | SQ. FT | ROOMS | BED | BATH | ASSESSOR PARCEL NO. |
|---|---|---|---|---|---|---|---|---|---|---|
| SFD | Traditional | 1 | C3 | 2003 | 0.130 | 2369 | 9 | 4 | 3.0 | 602404-031-0 |

## SUBJECT PROPERTY PHOTOS



Subject Front



Subject Front Side 1



Subject Front Side 2



Subject Street Scene 1



Subject Street Scene 2



Subject Address verification

Copyright Red Bell Real Estate, LLC 2019. All rights reserved.

**Red Bell Real Estate, LLC**
a Radian company

| ORDER DATE | 07/17/2020 |
|---|---|
| INSPECTION DATE | 07/17/2020 |
| COMPLETE DATE | 07/18/2020 |

# BROKER PRICE OPINION - EXTERIOR

**ADDRESS:** 18610 85TH AVE E, PUYALLUP, WA 98375

| PROPERTY TYPE | PROPERTY STYLE | UNIT(S) | CONDITION | YEAR BUILT | LOT SIZE (ACRES) | SQ. FT | ROOMS | BED | BATH | ASSESSOR PARCEL NO. |
|---|---|---|---|---|---|---|---|---|---|---|
| SFD | Traditional | 1 | C3 | 2003 | 0.130 | 2369 | 9 | 4 | 3.0 | 602404-031-0 |

## MAP OF SUBJECT AND COMPARABLES



## BROKER'S SIGNATURE

By completing this report, the Broker certifies that they have completed a site inspection of the subject property and that subject photos were taken at the time of inspection.

*Agent Signature*

| SIGNATURE | | DATE | 07/18/2020 | LICENCE NUMBER | 27913 | EXPIRATION DATE | 01/08/2022 |
|---|---|---|---|---|---|---|---|

| BROKER NAME | Brandon R Heilbrun | YEARS OF EXPERIENCE | 9 | COMPANY | John L Scott | PHONE | 3608933380 |
|---|---|---|---|---|---|---|---|
| EMAIL | brandon@76af.com | | | ADDRESS | PO Box 1864 | FAX | 3608935590 |
| PHONE | 3608933380 | | | CITY, ST ZIP | Orting, WA 98360 | | |

This is a comparative market analysis, not a appraisal, and should not be used for lending purposes. Therefore, it is not intended to be an appraisal for the market value of the property and such does not comply with USPAP standards. If an appraisal is desired, the services of a licensed or certified appraiser should be obtained. This opinion is not an appraisal of the market value of the property, and may not be used in lieu of an appraisal. If an appraisal is desired, the services of a licensed or certified appraiser shall be obtained. This opinion may not be used by any party as the primary basis to determine the value of a parcel of or interest in real property for a mortgage loan origination, including the first and second mortgages, refinances, or equity lines of credit.This analysis has not been prepared in accordance with the Uniform Standards of Professional Appraisal Practice which require valuers to act as unbiased, disinterested third parties with impartiality, objectivity and independence and without accommodation of personal interest. It is not to be construed as an appraisal and may not be used as such for any purpose.

This brokers price opinion is not an appraisal as defined in chapter 18.140 RCW and has been prepared by a real estate licensee, licensed under chapter 18.85 RCW, who is not also state-certified or state-licensed as a real estate appraiser under chapter 18.140 RCW.

Copyright Red Bell Real Estate, LLC 2019. All rights reserved.

## Pricing Strategy Full

Pricing suggestion came about from analyzing the most current comps which are located as close to subject as possible and are as close as feasible in square footage, location, condition, style and acreage with subject property. I have searched a distance up to 0.5 mile, GLA +/- 20% sq ft, lot size 30% +/- sq ft, age 20% +/- yrs and up to 3 months in time. This was expanded to up to 12 months in time , proximity up to 9.5 miles due to lack of similar homes.To obtain values in similar location of the subject it was necessary to use dissimilar bed/bath count,gla,age ,style,condition of the comps for that variances necessary adjustments are given in the report. Subject is located near freeway,golf course,electric pole,railway line,park,commercial buildings,school however these factors does not have any impact on value.prior comp details:9318 186th St Ct E,18904 88th Ave E and 8713 188th St Ct E used in this report.

## QC Review Full

A series of BPO reports from 2017-2019 price the home between $290k and $330k, which is a swing of 13%, but is also a generally increasing pattern. The current data and photos in this report match those of a April 2019 BPO which priced the home at $330k. The last time the home sold was in $2003 for $202k, there are no interior MLS photos available. The current as is price has been set at $380k, this is a 15.2% variance from the most recent prior price. A secondary search of the area was restricted to 1 mile around the home an supports the current as is price, with home prices ranging from $370k-$475k.

## Neighborhood Comments Full

The subject is located in a urban neighborhood with stable property values and a balanced supply Vs demand of homes. The economy is stable, employment conditions are stable and the schools in the area are good for the state prevalence of REO properties and seller concessions is also stable. There were no functional or economic obsolescence observed.

Copyright Red Bell Real Estate, LLC 2019. All rights reserved.

# UNITED STATES BANKRUPTCY COURT

## WESTERN DISTRICT OF WASHINGTON, TACOMA DIVISION

| | |
|---|---|
| In re: | ) Case No.: 20-42304-BDL |
| | ) |
| **Jacarae Lea Fairbanks**, | ) CHAPTER 13 |
| | ) |
| | ) CERTIFICATE OF SERVICE |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

I, Brandy Carroll, declare as follows:

      I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business is 1920 Old Tustin Ave, Santa Ana, CA 92705.

      On *January 11, 2021*, I served the foregoing document(s) described as;

- **AMENDED NOTICE OF HEARING ON MOTION FOR RETROACTIVE ANNULMENT OF THE AUTOMATIC STAY AND VALIDATION OF EXECUTION AND RECORDING OF TRUSTEE'S DEED;**

The above listed document(s) were served on the interested parties in this action as follows:

<u>*via US Mail:*</u>

**Debtor:**
Jacarae Lea Fairbanks
18610 85th Ave E
Puyallup, WA 98375

**Chapter 13 Trustee:**
Michael G. Malaier
2122 Commerce Street
Tacoma, WA 98402

Certificate of Service
Page 1

**Debtors Counsel:**
David Smith
Attorney at Law
201 St Helens Ave
Tacoma, WA 98402

**Judge's Copy:**
Hon. Judge Brian D Lynch
1717 Pacific Avenue, Suite 2100
Tacoma, WA 98402-3233

**US Trustee:**
United States Trustee
700 Steward St Ste 5103
Seattle, WA 98101

**Eastside Funding, LLC**
Attn: Chris Nelson
3927 Lake Washington Blvd NE
Kirkland, WA 98033

**Ladder Properties, LLC**
Attn: Ahmad Rabi
22525 141st Ave SE
Kent, WA 98042

Dated: January 11, 2021

/s/Brandy Carroll
Brandy Carroll

Certificate of Service
Page 2

Ghidotti Berger, LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tele: 949-427-2010

Case 20-42304-BDL    Doc 32    Filed 01/11/21    Ent. 01/11/21 11:05:55    Pg. 60 of 60