Entered on Docket January 25, 2021

**Below is a Memorandum Decision of the Court.**



**Brian D. Lynch
U.S. Bankruptcy Court Judge**
(Dated as of Entered on Docket date above)

_____

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re:<br><br>Jacarae Lea Fairbanks,<br><br>               Debtor. | Case No. 20-42304-BDL<br><br>MEMORANDUM DECISION ON MOTION FOR RETROACTIVE ANNULMENT OF THE AUTOMATIC STAY AND VALIDATION OF EXECUTION, DELIVERY, AND RECORDATION OF TRUSTEE'S DEED |

      Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-C ("Wilmington"), filed a motion on November 12, 2020 seeking an order for retroactive annulment of the automatic stay and validation of the execution, delivery, and recordation of a trustee's deed issued by a foreclosure trustee after a nonjudicial foreclosure of the home of the debtor Jacarae Lea Fairbanks ("Fairbanks"). Dkt. No. 21. Attached to the motion were Declarations of the foreclosure trustee Michelle Ghidotti and an attorney from the Ghidotti | Berger LLP law firm, Nancy Tragarz. Fairbanks filed a Response to the Motion for Retroactive Annulment and Relief from Stay and Declarations of Fairbanks and her attorney David C. Smith. Dkt. Nos. 29–31. Wilmington filed a Reply and a Supplemental Declaration of Nancy Tragarz. Dkt. No. 32.

MEMORANDUM DECISION - 1

The original motion sought annulment of the stay retroactive to October 12, 2020, the date the trustee's deed was executed, or, in the alternative, an order terminating the automatic stay for cause under 11 U.S.C. § 362(d)(1) to allow "Movant," presumably the foreclosure trustee Ms. Ghidotti, to re-execute and rerecord the Trustee's Deed. Wilmington also argued that the recording of the Trustee's Deed fell under the "ministerial act" exception to the automatic stay. In the Reply, Wilmington raised a new argument that the automatic stay does not apply to the execution, delivery, or recordation of a trustee's deed when the actual foreclosure sale was completed before Fairbanks filed her bankruptcy under RCW 61.24.050.

On January 13, the parties argued the motion. The Court rendered an oral ruling denying annulment of the stay based upon the factors laid out in *Fjelsted v. Lien et al. (In re Fjeldsted),* 293 B.R. 12, 24 (B.A.P. 9th Cir. 2003); holding that the execution, delivery, and recordation of the Trustee's Deed did not fall under the "ministerial act" exception to the automatic stay; and denying relief from stay on the grounds that the foreclosure bid was for $7,000 more than what Wilmington was owed, and Wilmington had not produced admissible evidence to suggest that it was not adequately protected by the equity in the property and Fairbanks's proposed plan. But the Court reserved ruling on the argument in the Wilmington Reply that the automatic stay does not apply to the execution, delivery, or recordation of a trustee's deed under Washington law.

**FACTS**

Fairbanks has owned and lived in the property in Puyallup for 14 years. She is a single mother of three children. She got behind in payments on the Wilmington note and deed of trust in 2017. As a result, the appointed foreclosure trustee on the Wilmington deed of

MEMORANDUM DECISION - 2

trust, Michelle Ghidotti, an attorney located in Southern California but a "duly appointed Foreclosure Trustee in the State of Washington," recorded a Notice of Trustee's Sale on March 25, 2019. In September 2019, Fairbanks entered into a Trial Modification Plan on her Wilmington loan providing for a monthly trial plan payment of $2,139.05 for 12 months, starting September 2019. Fairbanks made five of the payments but defaulted on the trial payments for February 2020 through April 2020 when she lost her job and went on unemployment.

In May 2020, Ms. Ghidotti reset the trustee's sale for August 28. In an effort to save her house, Fairbanks contacted and entered into an agreement with Home Matters USA, a company that promotes itself as helping consumers obtain loan modifications and forbearances. Home Matters USA advised her that they were communicating with the Trustee and that because of COVID-19 the lender could not proceed with foreclosure as a matter of law. Home Matters USA also told her not to contact the lender and that they would be the point of contact. Wilmington points out that, on June 22, a HUD Certified Housing Counselor emailed the parties where she said that she had told Fairbanks that Home Matters USA was a scam. The foreclosure sale was continued from August 28 to October 2.

In a precursor of what we may see more often in a fragile economy for many mortgagors, together with a hot real estate market in this area, the foreclosure sale proceeded on October 2, 2020, and the prevailing bidders were third-party purchasers Ladder Properties LLC and Eastside Funding. According to Ms. Tragarz's declaration, Eastside Funding was the bidder "for security purposes only," an intimation that it was the lender to Ladder Properties LLC, which Mr. Rabi, a principal in Ladder Properties LLC, had told Fairbanks's Mr. Smith in their call. The bid was for $353,100 per the Trustee's Deed, approximately $7,000

MEMORANDUM DECISION - 3

more than what was owed to Wilmington. When she learned of the sale the following day, Fairbanks promptly contacted Home Matters USA, who told her that the sale could not have and had not proceeded. When she realized that Home Matters USA was not telling her the truth, she contacted lawyers and found her attorney Mr. Smith on October 7.

Before filing bankruptcy, Mr. Smith talked to Mr. Rabi, who declined to discuss any options that would allow Fairbanks to retain the property. Fairbanks filed this bankruptcy on October 8, 2020. Within an hour of filing, Mr. Smith emailed Ms. Ghidotti, Mr. Rabi, and attorney Michael Malnati who represented Eastside Lending advising them of the bankruptcy and attached a copy of the bankruptcy petition. Ms. Ghidotti acknowledged "Received" to Mr. Smith on October 9, 2020 at 8:13 a.m. Notwithstanding the bankruptcy notice, on October 12, 2020, Ms. Ghidotti executed a trustee's deed. It is not clear whether the trustee or the buyer Ladder Properties LLC recorded the trustee's deed, but it was recorded on October 15, 2020. Mr. Smith learned of the execution, delivery, and recordation of the Trustee's Deed on October 22, 2020.

## ISSUES

1. Whether Wilmington was required to obtain relief from stay before executing, delivering, and recording the Trustee's Deed?
2. Whether Fairbanks retained an interest in her residence at the time she filed bankruptcy sufficient to allow her to propose a plan to retain her residence?

## DISCUSSION

**I.  Relief from stay from a bankruptcy intervening between a nonjudicial foreclosure sale and execution, delivery, and recordation of a trustee's deed is necessary under Washington law.**

Wilmington's new argument in its Reply is that, under RCW 61.24.050, a foreclosure trustee can execute, deliver, and record a trustee's deed, without receiving relief from stay

MEMORANDUM DECISION - 4

from a pending bankruptcy of the property owner, if the trustee completed the sale by accepting a bid before the bankruptcy was filed and records the deed within 15 days thereafter. It cites the following language in *Laffranchi v. Lim,* 146 Wash. App. 376, 385–86, 190 P.3d 97 (2008): "The legislature added this provision [RCW 61.24.050] in 1998 to deal with the circumstance where a borrower or grantor filed a bankruptcy action between the date of the trustee's sale and the recording of the trustee's deed."

*Laffranchi*, in a footnote at the end of the sentence, cites to an article by Professor Marjorie Rombauer in the 27 Washington Practice: Creditors' Remedies – Debtors' Relief, § 3.68, at 54 (Supp. 2007–08). 190 P.3d at 102 n.18. To be clear, *Laffranchi* is a post-foreclosure eviction case, does not involve a bankruptcy, and contains no mention much less discussion of 11 U.S.C. § 362. Nor does it cite to the actual legislative history. It cites to California case law regarding the effect of the statute. *Id.* at 102 n.20. The following is the quote from Professor Rombauer: "The 1998 Amendments also *attempt* to deal with the situation where a bankruptcy action is filed by a borrower or grantor between the trustee's sale is conducted and the trustee's deed is recorded." 27 Wash. Prac., Creditors' Remedies – Debtors' Relief § 3.68 (emphasis added). The Court has looked at the Final Bill Report and other Bill Reports for the 1998 bill regarding the Deed of Trust Act, S.B. 6191, and the only line that mentions bankruptcy states: "When a bankruptcy is also occurring, provisions are added to minimize unnecessary delay in a foreclosure sale." S.B. Rep. 55-6191, Reg. Sess., at 2 (Wash. 1998).

Most importantly, no reported case in Washington state or federal courts holds that the statute means that the trustee does not need relief from stay in the intervening bankruptcy before executing, delivering, and recording the trustee's deed. Two of the cases holding that

relief from stay is necessary in very similar settings, *In re Betchan* and *In re Lopez,* are discussed *infra.* Even the only other case that is somewhat analogous, *In re Nelson*, No. 16-44597, 2017 WL 745595, at *3–4 (Bankr. W.D. Wash. Feb. 24, 2017), which Wilmington cites as providing support, specifically required relief from stay and held that the delivery of the trustee's deed during an intervening bankruptcy did not come within the "ministerial act" exception to 11 U.S.C. § 362(a), violated the stay, and would therefore be a void act.

The only case law cited by Wilmington for the proposition that the automatic stay does not apply when a bankruptcy intervenes are California cases citing California law. *See, e.g.*, *In re Bebenesee-Wong,* 248 B.R. 820 (B.A.P. 9th Cir. 2000); *In re Lucore*, No. BAP SC-12-1604, 2013 WL 2367800 (B.A.P. 9th Cir. May 30, 2013). The California statute at issue in those cases is California Civil Code § 2924h(c), which provides in pertinent part:

> [T]he trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 15 calendar days after the sale . . . .

Cal. Civ. Code § 2924h(c).

The California cases cite the 11 U.S.C. § 362(b)(4) exception to the automatic stay, referring to acts to perfect an interest in property that allow perfection to relate back and be effective against one who acquires rights in the property before the date of perfection, in holding that the recording of the trustee's deed within 15 calendar days does not violate the automatic stay.

The Washington statute, by comparison, provides:

> Upon physical delivery of the trustee's deed to the purchaser, or a different grantee as designated by the purchaser following the trustee's sale, the trustee's deed shall convey all of the right, title, and interest in the real and personal property sold at the trustee's sale which the grantor had or had the power to convey at the time of the execution of the deed of trust, and such as the grantor

MEMORANDUM DECISION - 6

may have thereafter acquired. Except as provided in subsection (2) of this section, if the trustee accepts a bid, then the trustee's sale is final as of the date and time of such acceptance if the trustee's deed is recorded within fifteen days thereafter.

RCW 61.24.050(1). Unlike the California statute, the Washington statute conditions the transfer of title upon delivery of the trustee's deed to the purchaser. It also does not refer to perfection. Under Washington law, physical delivery of a trustee's deed marks the moment when a conveyance of real property occurs. There is no valid transfer of the property prior to physical delivery of the trustee's deed, and a transfer is void and a violation of 11 U.S.C. § 362(a) if it took place after the intervening bankruptcy filing. *In re Betchan,* 524 B.R. 830, 835 (Bankr. E.D. Wash. 2015).

It is not an either-or situation for a trustee, i.e., either execute and deliver the trustee's deed notwithstanding an intervening bankruptcy and violate the stay or fail to deliver the deed and record it within the 15-day period and lose the protection of RCW 61.24.050(1). Bankruptcy courts are accustomed to motions to shorten time in lots of settings for emergent situations. A motion for relief from stay on shortened time is no exception. The trustee could have sought to bring a motion for relief from stay when she found out that Fairbanks had filed a bankruptcy. The Court holds that the acts of executing and delivering the deed to the purchaser and the subsequent recordation of the Trustee's Deed violated the automatic stay.

**II.    The transfer of Fairbanks's title took place after her bankruptcy, so the property became property of the estate under 11 U.S.C. § 541(a)(1).**

The Court has not directly addressed Wilmington's alternative argument that, even if the stay was in effect when Fairbanks filed her chapter 13 after the foreclosure sale bid was accepted, Fairbanks's title in the property at the time of her bankruptcy was only "bare legal title" rather than "full and unfettered ownership interests and rights in such property" such that

MEMORANDUM DECISION - 7

would allow the debtor to reorganize and retain her residence under chapter 13. *See Nelson*, 2017 WL 745595, at *3. Wilmington has moved in the alternative for an order granting relief from stay to allow it to re-execute, redeliver, and rerecord a trustee's deed.

The *Nelson* case does involve a bankruptcy filed after a nonjudicial foreclosure, but its facts vary significantly from the extant case. There, the debtor filed chapter 13 on the same day as the sale after the third-party purchaser's bid was accepted by the trustee on November 4, 2016. *Id.* at *1. The trustee's deed was dated and acknowledged six days later, November 10. *Id.* The date of delivery of the deed was unclear. *Id.* The bankruptcy case was dismissed for failure to pay the filing fee on November 15. *Id.* The debtor filed a motion to vacate the dismissal on the same day. *Id.* The trustee's deed was recorded the next day, November 16, and an order vacating the dismissal was entered the following day, November 17. *Id.* The grantee of the trustee's deed was seeking relief from stay to proceed with an eviction action. *Id. Nelson* concludes:

> Thus, under Washington law, the Debtor's and the estate's rights in the Property following the sale, absent a challenge based on applicable procedural or other irregularities in the conduct of the sale itself, are at most in the nature of bare legal title together with a possessory interest, rather than full and unfettered ownership interests in such Property.

*Id.* at *3 (citing 11 U.S.C. § 541(a)(1)). *Nelson* does not state that the debtor's interest post-foreclosure sale is insufficient to allow the debtor to reorganize in a chapter 13; instead, it proceeds with a relief from stay analysis in terms of adequate protection. Moreover, *Nelson* explicitly provides: "However, if the delivery of the Trustee's Deed took place while the Debtor's bankruptcy case was pending, such delivery violated Section 362(a)(3) and is void." *Id.* (citing *Schwartz v. U.S. (In re Schwartz)*, 954 F.2d 569, 574 (9th Cir. 1992)).

**Below is a Memorandum Decision of the Court.**

*Nelson* relies on *Udall v. T.D. Escrow Servs., Inc.*, 159 Wash.2d 903, 154 P.3d 822 (2007) (en banc). *Udall* did not involve a bankruptcy filing. A trustee refused to issue a trustee's deed to the third-party bidder when it discovered that the auctioneer had opened the bidding $100,000 lower than what had been authorized, and the bidder sued. *Udall*, 154 P.3d at 885. *Udall* held: "The trustee cannot withhold delivery [of the trustee's deed] unless the sale itself was void due to a procedural irregularity that defeated the trustee's authority to sell the property." *Id.* at 887. *Udall* does cite the filing of a bankruptcy pre-foreclosure as an example of a procedural irregularity. *Id.* But it does not discuss the nature of the title of the borrower or owner of the property after the foreclosure sale. The *Udall* court also states: "[T]he trustee sells the property at auction, the purchaser pays the price bid, and the trustee executes the deed to the purchaser *at which time* 'all of the right, title and interest' in the property is conveyed." *Id.* (quoting RCW 61.24.050); *accord Betchan*, 524 B.R. at 833–34.

Fairbanks cites *Betchan*, which held in a case on similar facts as the extant case, for the proposition that the debtor's bankruptcy filing after the foreclosure sale but before execution, delivery, and recordation of the trustee's deed was void in violation of 11 U.S.C. § 362(a). 524 B.R. at 833–34. *Betchan* relies on RCW 64.04.010, which requires that every conveyance of real estate, or any interest therein to be by deed, and on the first sentence of RCW 61.24.050(1), which provides that upon physical delivery, the trustee's deed shall convey all the right, title, and interest in the property sold at the trustee's sale. *Id.* at 832–34. The foreclosing lender, which was the bidder at the sale, argued that the second sentence of RCW 61.24.050(1) meant that perfection of an interest in property is effective and relates back to the date of sale if the purchaser subsequently and timely records the trustee's deed within 15 days, presumably relying on the exception to the automatic stay for postpetition

MEMORANDUM DECISION - 9

perfection in 11 U.S.C. § 362(b)(4). *Id.* at 833. But *Betchan* correctly points out that the issue is not perfection, but conveyance. *Id.*

Wilmington seeks to distinguish *Betchan* and a later case from eastern Washington, *In re Lopez*, 596 B.R. 371 (Bankr. E.D. Wash. 2019), on the grounds that the bidder was the foreclosing lender in both of those cases, whereas the bidder in the extant case is an allegedly good faith purchaser. Neither *Betchan* nor *Lopez* ever discuss—much less distinguish—the result for a third-party bidder at the foreclosure sale. Most importantly, RCW 61.24.050(1) does not make such a distinction.

*Betchan* holds that, based on RCW 64.04.010 and RCW 61.24.050(1), "there was no valid transfer of Betchan's home to the Bank prior to Ms. Betchan filing her bankruptcy petition, and further, that the post-petition transfer is void because it was in violation of 11 U.S.C. § 362(a)." 524 B.R. at 835. This court agrees. Thus, the alternative motion for relief to re-execute, redeliver, and rerecord the trustee's deed is denied for the same reason.

## CONCLUSION

*Betchan* also reminds us that the Washington Supreme Court has repeatedly stated that the Deed of Trust Act "must be construed in favor of borrowers because of the relative ease which lenders can forfeit borrowers' interests and the lack of judicial oversight in conducting nonjudicial foreclosure sales." 524 B.R. at 835 (quoting *Klem v. Wash. Mut. Bank*, 176 Wash. 2d 771, 789, 295 P.3d 1179 (2013)) (internal quotations omitted).

The Court has previously denied: the motion to annul the stay, the motion to confirm the recordation of the Trustee's Deed as valid, and the request for relief from stay. The Court now concludes that RCW 61.24.050(1) does not excuse the execution, delivery and recordation of a trustee's deed when a post-sale bankruptcy intervenes; 11 U.S.C. § 362(a)(3)

**Below is a Memorandum Decision of the Court.**

was violated by the execution, delivery, and recordation of the Trustee's Deed; and those acts were therefore void. For the reasons stated above, Wilmington's alternative request for relief from stay to re-execute, redeliver, and rerecord the Trustee's Deed is denied. Fairbanks may proceed with her chapter 13 bankruptcy.

///END OF MEMORANDUM DECISION///

MEMORANDUM DECISION - 11